(21 Misc. Rep. 434.)

HAAS v. BROWN et al.

(Supreme Court, Appellate Term. October 28, 1897.)

1. TRIAL—EXCEPTIONS TO INSTRUCTIONS.
　　An exception taken at the close of a judge's charge must point out definitely and clearly the particular passage or ruling to which exception is taken.

2. ACTION BY LANDLORD—BREACH OF COVENANTS—INSTRUCTIONS.
　　In an action by a landlord for breach of covenants, where it has, with plaintiff's approval, been left to the jury to determine whether defendant's use of the premises was reasonable, it is not error to refuse to further charge them that, if they find that defendant committed waste, they must find for plaintiff.

3. SAME—EVIDENCE.
　　In order to maintain an action for breach of lessee's covenant to surrender the premises in good condition at the expiration of the term, it is incumbent on plaintiff to show that the lease has terminated.

4. WITNESS—BIAS.
　　It is always competent to show that a witness produced upon the trial of an action is hostile in his feelings towards the party against whom he is called to testify, or that he entertains malice towards that party.

5. LIABILITY OF TENANT—INJURY TO PREMISES.
　　In the absence of special covenants to the contrary, damage to leased premises which ensues from a reasonable use by the lessee is not actionable.

Appeal from city court of New York, general term.

Action by Frank X. Haas against Hyman Brown and others. From a judgment of the general term (46 N. Y. Supp. 540) affirming a judgment in favor of defendants, entered on a verdict of the jury, plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Andrew J. Shipman and Blandy, Mooney & Shipman, for appellant.
Abram. S. Levy and Max D. Steuer, for respondents.

DALY, P. J.   The defendants were lessees from the plaintiff for two years and three months, from February 1, 1895, of the premises 125 Attorney street, to be occupied only as a paper box factory.   On the night of May 13, 1895, the beams of the first floor of the premises gave way under the weight of a quantity of paper which the tenants had stored upon it near the stairway, and this action was brought to recover, as damages, the expense incurred by the lessor in restoring the floor, and for the loss of rentals.   The complaint alleged negligence and carelessness of the tenants, and breach and violation of the terms and conditions of the lease.   It set forth two covenants of the lease, namely, that the defendants should not occupy or use the said premises, nor permit the same to be used or occupied for any business extrahazardous, on account of fire or otherwise, and that the defendants would quit and surrender the premises so demised in as good state and condition as reasonable use and wear thereof would permit, damages by the elements excepted.   The complaint averred that:

"The defendants failed and neglected to comply with the terms and conditions of their said lease, and so negligently and carelessly conducted their said business, in that they used the said premises demised as a school and synagogue, wherein a multitude of persons were frequently gathered together, greater in weight than the floor and the beams thereof were intended to safely bear, whereby said floor and beams became weakened and strained, and in that they, their agents, servants, and employés, unskillfully, negligently, carelessly, and recklessly overloaded the floor and beams with a very large quantity of paper and pasteboard, exceeding fifty tons in weight, so that, by reason of the said negligence, carelessness, and recklessness, the floor and beams were broken and gave way."

The evidence was chiefly directed to the issue as to whether the tenant imposed unreasonable weight of paper upon the floor near the staircase.   The plaintiff claimed that paper weighing 50 tons had been stored near the stairway, and that he had warned the defendants not to put it there.   The defendants claimed that the weight of the paper did not exceed 8 tons, and that they had shown it to the plaintiff, and had asked him if the floor would sustain it, and that he replied it would hold 10 times as much.   It was also claimed by defendants that the floor beams had been weakened by a fire which had occurred in the premises before their tenancy.   The court charged the jury that the question for them to determine was whether the defendants were responsible by their conduct for the accident, and whether the putting in of the weight of cardboard by the defendants was a reasonable use for the purpose for which the premises were rented; that, if they found such use was not a reasonable use for the business contemplated in the lease, they should award the plaintiff damages sustained by the defendants' negligence in that regard; and that if there was no negligence, and there was a reasonable use of the premises, within the meaning of the terms of the contract entered into when the lease was made, there could be no recovery, and their verdict must be for the defendants.   The jury found for the defendants upon the question of fact submitted to them.   As there was a conflict of testimony, and the trial court has passed upon the question of the weight of evidence, we are not at liberty to review the facts.   There seems to be ample evidence to support the verdict, and our duty is confined to a review of the

alleged errors in the rulings of the court, where pointed out by proper exception.

Error is claimed in the ruling of the court upon the plaintiff's request to charge: "First. If the jury find that the defendants did not leave the premises in the same condition as they found them when they entered upon the lease, they must find for the plaintiff." The court said: "I charge that their covenant to leave the premises in that condition was binding, provided they were responsible for the condition in which the premises were before." To that limitation or qualification no exception was taken by the plaintiff, and we must assume that he acquiesced in the ruling which made the defendants' liability dependent upon their own negligent or wrongful act.

A somewhat similar disposition was made by the court of the plaintiff's second request to charge, as follows: "If the jury find that the defendants did not repair the premises broken down by their acts under the covenant contained in their lease, they must find for the plaintiff,"—to which the court said: "I so charge, emphasizing under their acts, meaning thereby that they were responsible for any wrong." No exception was taken to this modification of the charge. It is claimed, however, that an exception taken by the plaintiff at the close of the case brings up for review any error with regard to these rulings. The exception in question is as follows: "I also wish to except to so much of your honor's charge which states a different rule from that of a violation of the covenant of the lease. Your honor charged partly in my favor and partly against me in a complete sentence; and I do not want to except to the whole thing, nor do I want to admit the whole thing." This is too vague and indefinite to be reasonably construed as applying to either of the rulings above mentioned, or, indeed, to any ruling of the charge. It does not point out definitely or clearly the passage or the ruling to which exception is taken, and is too general, therefore, to be of any avail to the appellant.

An exception was taken to the refusal of the court to charge: "Third. If the jury find that defendants committed waste, they will find for the plaintiff." There was no claim in the complaint for waste, and no proof of it, except such as was receivable under the allegations which averred the breach of two specified covenants. But, if the allegations and proof of the plaintiff would sustain a claim of waste, they had been submitted to the jury with instructions in which the plaintiff had acquiesced; and it had been left to the jury to determine whether the defendants' use of the premises was reasonable or not. If reasonable, there could be no charge of waste. In view of these instructions, no error was committed in refusing the instruction as requested.

It is urged, however, by appellant, that errors were committed by the court in the admission and exclusion of evidence, and in the conduct of the trial. The court, after the plaintiff had closed his case, allowed the defendant to recall him for cross-examination upon any knowledge he had with regard to the condition of the premises at the time of the letting; cross-examination of plaintiff upon that point having been stopped on his objection, when he was examined as a witness on his own behalf. It is argued that this permitting the plaintiff to

be recalled was error, because there could be no question of contributory negligence in the case, and that there is no implied warranty in the letting of real estate that it is fit for occupancy and suitable for the purposes for which it is leased. So far as the record shows, no such objection was made upon the trial, the case presenting only a naked exception to what appears to be a mere exercise of discretion by the court. No objection was made to any question put on the cross-examination that ensued.

The plaintiff excepted to the introduction by the defendants of the precept and final order to dispossess them for nonpayment of rent. This certainly could not injure the plaintiff, who was suing upon a covenant to quit and surrender the premises in good condition at the expiration of the term; and it was incumbent upon plaintiff himself to show that the lease had terminated, in order to maintain the action. Schieffelin v. Carpenter, 15 Wend. 400. The case would be different if this action were based upon an affirmative act of waste or willful injury, in which case it could be brought while the lease was running. Agate v. Lowenbein, 57 N. Y. 604, 615.

Error is alleged for the court's ruling that the defendants might prove certain declarations made by one of plaintiff's witnesses out of court after he had testified in the case, in order to show his hostility to the defendant against whom he had testified. The ruling was proper. "It is always competent to show that a witness produced upon the trial of an action is hostile in his feelings towards the party against whom he is called to testify, or that he entertains malice towards that party; and so it has been held in many cases." Schultz v. Railroad Co., 89 N. Y. 242. Defendants were also allowed to prove a declaration of another of plaintiff's witnesses, out of court, to the contrary of what he had just testified to on the stand. This was permissible. No objection was made that a proper foundation had not been laid for it in the cross-examination of the witness.

We have already referred to the dispute of fact in the case, and can only add on that subject that the judgment of the trial court refusing to interfere with the verdict cannot be disturbed. The question of the weight of evidence is not within our province. The finding of the jury that there was no negligence on defendants' part, and no unreasonable use of the premises, disposes of the only cause of action stated in the complaint. The question as to reasonable use of the premises was one of fact to be submitted to the jury. McGregor v. Board, 107 N. Y. 511, 14 N. E. 420. If the damage ensued from a reasonable use of the premises, it is not actionable.

Judgment affirmed, with costs. All concur.