EDWARD H. ALLEN, PLAINTIFF IN ERROR, v. CHARLES W. FISHER, DEFENDANT IN ERROR.

Argued March 11, 1901—Decided June 17, 1901.

A lease of a hotel property contained a printed clause providing that "the lessee will not knowingly do or commit, or suffer to be done or committed, any act or thing contrary to the conditions or stipulations of the policy or policies of insurance on the premises; and that he will peaceably deliver up the premises demised, at the end of the said term, in the same good order and condition that he received the same, reasonable wear and tear, and damage by accidental fire, alone excepted." It also contained a written clause providing that "all repairs are to be made and paid for by the said tenant and lessee, * * * and that the said lessor shall be exempt and relieved from the making of any repairs, alterations, additions or improvements, during the continuance of this lease, the said lessee hereby covenanting to make and do the same." *Held*, that the clause which exempted the lessee from liability for damages due to reasonable wear and tear, or to accidental fire, was intended to qualify not only the lessee's covenant to deliver up possession of the premises at the end of the term, but also his covenant to make repairs, and relieved him from obligation to replace a part of the premises which had been destroyed by accidental fire. *Held*, further, that the provision in the lease, which exempted the lessor from the making of any repairs, alterations, additions or improvements, during the term, was also qualified by said clause, and did not relieve him from the statutory duty of repairing the building upon the demised premises in case of its injury by accidental fire.

On error to the Supreme Court.

For the plaintiff in error, *George A. Bourgeois.*

For the defendant in error, *William I. Garrison.*

The opinion of the court was delivered by

GUMMERE, J. This is an action of ejectment instituted by the plaintiff in error, the owner of a certain hotel property situated in Atlantic City, against the defendant in error, who is in possession thereof, under a written lease for a term of five years, dated the 15th day of July, 1898. During the

latter part of the summer of 1899 the building on the premises was partially destroyed by a fire, which occurred without the fault of the lessee. The building has not since been repaired, and from that time to the commencement of this suit no rent has been paid by the lessee, although, by the terms of the lease, he covenanted to pay the sum of $200 as rent on the 1st day of July, 1900, and a like sum as rent on the 5th day of August in the same year. The action is based upon the failure of the lessee to pay rent in accordance with his covenant. At the close of the trial below a verdict was directed in favor of the defendant, and this writ is sued out to review the correctness of that instruction.

By section 1 of the supplement of March 5th, 1874, to the "Act concerning landlords and tenants" (*Gen. Stat., p.* 1923) it is provided that "whenever any building, erected on leased land, shall be injured by fire, without the fault of the lessee, the landlord shall repair the same as speedily as possible, or, in default thereof, the rent shall cease until such time as such building shall be put in complete repair; provided, always, that this section shall not extend to or apply to cases where the parties have otherwise stipulated in their agreement of lease."

The propriety of the action of the trial court, therefore, in directing a verdict for the defendant must depend upon whether the parties have, in their agreement of lease, so stipulated that their respective rights and obligations are not regulated by the statutory provision quoted.

The only parts of the lease which have any bearing upon this controversy are as follows:·

"Sec. 3. That the lessee will not knowingly do or commit, or willingly suffer to be done or committed any act or thing contrary to the conditions or stipulations of the policy or policies of insurance on the premises; and that he will peaceably deliver up the premises hereby demised at the end of the said term, in the same good order and condition that he received the same, reasonable wear and tear, and damage by accidental fire, alone excepted.

"Sec. 17. All repairs are to be made and paid for by the

said tenant and lessee, including water rent, and it is expressly stipulated, understood and agreed that the said lessor shall be exempt and relieved from the making of any repairs, alterations, additions or improvements, during the continuance of this lease, the said lessee hereby covenanting to make and do the same."

The covenant of the lessee contained in the seventeenth section of the lease, standing alone, requires him to make *all* repairs to the premises, including those made necessary by their partial or total destruction by fire. *Wood L. & T.,* §§ 369, 370, and cases cited. The third section of the lease relieves him from this responsibility, providing the injury to the premises results from a fire which is accidental. This latter clause is contained in the printed portion of the lease which was used by the parties, while the seventeenth section is inserted in writing. The ordinary rule of construction, where the sections of an instrument are inconsistent, is that those which are written will control, and those which are printed will be disregarded, the presumption being that the latter have been left in through oversight. *Ball* v. *Wyeth,* 8 *Allen* 275, 278. It is insisted on behalf of the plaintiff that this rule is applicable in the present case, and requires the rejection of the limitation on the lessee's liability to repair contained in the third section of the lease. But the rule referred to does not prevail where the various provisions of the instrument, although apparently inconsistent, can be reconciled and all given effect. If all the provisions can be retained and interpreted together, none are to be rejected. *Ball* v. *Wyeth, supra.*

We think that this instrument can be fairly interpreted so that both of those provisions can be retained; and that, by its true construction, the lessee is bound to make all such repairs as may be necessary for the preservation of the premises in the condition in which he received them from his lessor, except those which are required by reason of ordinary wear and tear, or by reason of accidental fire; and also such extraordinary repairs, alterations or improvements as the parties may agree shall be made during the continuance of the

lease. In the above-quoted case of Ball *v.* Wyeth a similar construction was put upon the provisions of a lease quite like that now under consideration. In that case there was a *written* provision in the lease that "all the buildings, machinery and fixtures are to be kept in repair and maintained in good condition by the lessee." In another clause of the lease, *which was printed,* the lessee covenanted that he would quit and deliver up the premises at the end of his term "in as good order and condition (reasonable use and wearing thereof, fire and other inavoidable casualties excepted) as the same now are, or may be put in by the lessor." It was held that the clause which excepted reasonable use and wear, fire and other inavoidable casualties, although contained in the printed portion of the lease, should not be rejected; that the exception was intended to qualify both the covenant to repair and the covenant to deliver up possession of the premises at the end of the term, and relieved the lessee from obligation to replace a part of the demised premises which had been destroyed by fire.

The lease which was construed in the cited case varies from that now before us in this respect: that in the former instrument there was a provision that the lessee should keep the property insured against fire, at his own expense, for the benefit of the lessor, while in the latter there is no stipulation with regard to insurance, although it is apparent, from the provision in the first clause of section 3, that it was the intention of the parties that the premises were to be kept insured. We do not think, however, that the fact that the insurance premiums were to be paid by the lessor, instead of the lessee (if such is the fact in the present case), justifies the rejection of the provision relieving the lessee from liability to make such repairs as are rendered necessary by reasonable wear and tear, or by accidental fire.

Having reached the conclusion that the covenant of the lessee contained in section 17, to make *all* repairs, alterations, additions or improvements to the premises, is limited by the provisions of section 3, and does not embrace such repairs as are made necessary by reasonable wear and tear, or by acci-

dental fire, it follows that the clause in section 17, which exempts and relieves the lessor from making repairs, alterations, additions or improvements, is also limited by that provision, for, by the express words of section 17, it is the repairs, alterations, additions and improvements which the lessee covenants to make that the lessor is exempted and relieved from making.

Finding nothing in the stipulations of the lease which relieved the lessor from the obligation imposed upon him by the statutory provision hereinbefore referred to, to rebuild the portions of the demised premises which have been destroyed by fire, or, in default thereof, to forego his rent, we are of opinion that the judgment below should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, VAN SYCKEL, GARRISON, GUMMERE, COLLINS, FORT, HENDRICKSON, BOGERT, ADAMS, VREDENBURGH, VOORHEES. 11.

*For reversal*—GARRETSON, VROOM. 2.