## STREET REALTY CO. v. LACKEY et al.
### (No. 8090.)

Court of Civil Appeals of Texas. San Antonio.
Dec. 12, 1928.

Joe L. Hill, of San Antonio, for appellant.

Melvion R. Luter and Clifford M. Forster, both of San Antonio, for appellees.

FLY, C. J. Appellant sought to collect $409.03 alleged to be due for rent on certain property on Presa street in San Antonio, and prayed for and obtained a distress warrant and seized certain personal property belonging to Tom Lackey, his tenant, who owed for the rent. There was a written rental contract, which was made a part of the petition. Lackey filed a general demurrer and general denial. The suit was filed on July 21, 1927, and on October 25, 1927, F. L. Little filed a plea in intervention claiming that Lackey owed him $240, as evidenced by a promissory note, and that he held a chattel mortgage on certain automobiles seized by appellant under the warrant of distress, and sought to quash such warrant. The court sustained the motion to quash. The court heard the cause and rendered judgment for the intervener for $140 and foreclosed the chattel mortgage on six automobiles, and in favor of appellant for $275, and foreclosed a lien on all property on the premises when the suit was filed or within 30 days before that time, describing it.

Appellant leased the premises to Tom Lackey, as H. P. Street stated, under a written contract, although no copy of the written contract appears in the statement of facts. Street, president of the company, swore that he did not cause the suit although "I might have done it in behalf of the company." None of the proceedings in the matter of the distress warrant appear in the statement of facts, but the record shows that a purported affidavit was filed for such warrant on July 21, 1927. The affidavit is signed, "Street Realty Company, by Hall P. Street, President." The jurat is, "Sworn to and Subscribed before me this the 21 day of July, 1927. J. W. Davis, Justice of the Peace Prect. 7, Bexar Co. Texas." On March 14, 1927, F. L. Little, the intervener, filed in the county clerk's office, for registration, a chattel mortgage executed by Tom Lackey on twelve secondhand cars that said Lackey about that date bought from Little, to secure the purchase money for said cars in the sum of $240. It was claimed that appellant leased the premises to Tom Lackey for two years, but no record of the lease was shown, nor was the lease introduced in evidence. No bond was executed when the distress warrant was issued, if it was issued.

The purchase price of the automobile sold by Little to Lackey was secured by a

chattel mortgage, duly registered, and the lien created by that chattel mortgage was superior to the landlord's lien. It is provided in article 5238, Revised Statutes of 1925, that a preference lien shall be given to the owner of any building upon all the property in such building for the payment of rents due and to become due, "provided that in order to secure the lien for rents that are more than six months due, it shall be necessary for the person leasing or renting any storehouse or other building which is used for commercial purposes, to file in the office of the county clerk of the county in which such storehouse or such other building is situated, a sworn statement of the amount of rent due, itemized as to the months for which it is claimed to be due, together with the name and address of the tenant, a description of the rented premises, the date on which the rental contract began and that on which it is to terminate, verified by the person claiming such lien, his agent or attorney, and such statement when so verified shall be recorded by the county clerk in a book to be provided for such purpose." The statute further provides that unless such sworn statement is made, verified, filed and recorded, the lien shall not be valid against bona fide purchasers, or unsecured or lien creditors. The court did not err in quashing the distress proceedings and in foreclosing the statutory lien on all the property of Tom Lackey, subject to that lien. Little was entitled to a foreclosure of his chattel mortgage on the automobiles sold by him to Lackey. The court did not err in permitting Little to intervene to protect his rights.

There is no merit in any of the assignments of error, and the judgment will be affirmed.