No. 13,085.

CAPITOL AMUSEMENT COMPANY ET AL. *v.* ANHEUSER-BUSCH, INC.

(30 P. [2d] 264)

Decided February 26, 1934.

Mr. John T. Bottom, Mr. Philip Hornbein, Mr. Donald M. Shere, for plaintiffs in error.

Mr. Wilbur F. Denious, Mr. Hudson Moore, Mr. Dayton Denious, for defendant in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

The plaintiff in error was defendant in the trial court and will be referred to as the tenant, and defendant in error as the landlord.

The landlord brought this suit to recover $6,400, being the balance of rent claimed by it for the year 1930, under a written lease dated July 31, 1926. The leased premises were a portion of an old building known as 1645-49 Curtis street, Denver, Colorado. The entire building consists of two storerooms and an upstairs. One storeroom and the upstairs was leased to this tenant and the other storeroom to another tenant. The tenant filed its answer, from which the affirmative defenses were stricken on motion. By leave of court, an amended answer was filed, to which a demurrer was sustained. The court entered its order allowing tenant ten days to elect whether to stand on the amended answer or tender an amendment to the amended answer. A second amended answer was tendered for filing. The court denied permission to file same on the ground that it did not state a defense. The court determined that tenant had been regularly served with process, had failed to answer, and that the legal time for answering had expired. Default of the tenant was ordered and judgment was entered on the default in the sum of $6,997. The tenant seeks reversal of this judgment.

Under the conditions disclosed by the record, we must conclude that there was no default, but to shorten discus-

sion of this error and dispose of the effect of the judgment, we will treat it as a judgment on the pleadings. It was error as to form and not as to substance.

A copy of the lease is made a part of the complaint and contains the ordinary and usual covenants and agreements of business property leases. The tenant admits occupation under the lease until about July 1, 1930, when subtenant abandoned the premises on account of their alleged untenantable condition.

This case rests solely on the sufficiency or insufficiency of the tenant's second amended answer, which may be determined by the well settled law relating to landlord and tenant.

The substance of the allegations of this second amended answer is as follows: That the wall and foundation of the building owned by the landlord and partially occupied by the tenant, became unsafe and insecure and the building unsafe for occupancy; that the wall of the building, which was a party wall, had been condemned by the building inspector of the City and County of Denver and said inspector required certain repairs to be made to make the building safe for occupancy; that this unsafe condition was caused by the negligence of the landlord; that the landlord—prior to the execution of the lease to the tenant herein—and the owner of the adjoining premises, reconstructed the party wall; that this reconstruction was negligently performed; that the wall in question was not leased to or under the control of the tenant; that the defective condition of the wall was wholly unknown to the tenant at the time of making the lease; that the landlord knew or by the exercise of ordinary care, could have known that the foundation of said wall as reconstructed was insufficient; that the landlord concealed all knowledge thereof from the tenant and represented that the wall had been safely built; that after said wall had been condemned by the city building inspector, the landlord agreed with defendant that it would

repair said wall, but instead of doing so, attempted to have the authorities of the City and County of Denver revoke the condemnation order; that the sublessees of tenant were prevented from carrying on their business on account of unsafe condition of the premises and for that reason vacated same, and for all these reasons, the tenant was under no further obligation to pay rent.

As stated before, the only question now involved is: Does the answer tendered by tenant, and refused by the court, state a defense? We think it does.

██ There is no implied warranty on the part of a lessor that the premises, as leased, are safe for occupation thereof by the tenant. This well settled rule is subject to exceptions. One of such exceptions was pleaded in the tenant's answer by its allegation that the wall was defective, known to be so by the landlord, and unknown to the tenant at the time of entering into the lease. If such condition was not ascertainable by the tenant upon an ordinary or reasonable inspection of the premises, then it was the duty of the landlord to make such condition known to tenant. Failure as to that duty establishes liability.

The tenant alleges that the wall was no part of the premises leased to it and that the control of said wall remained with the landlord. Tenant then was under no obligation to inspect premises other than those covered or to be covered by the lease and had the right to assume that the landlord had properly constructed said wall and was keeping and would keep same in such condition as to make the premises leased to the tenant safe for occupancy.

█ The covenant of tenant to keep the premises in repair did not extend to such parts of the premises as were not under its control. A demise of parcels out of a building leaves the responsibility for what is not demised, upon the landlord. The roof, halls and passages not demised, chimneys, eaves and outside walls, remain

the landlord's. This is supported by section 175a, 1 Taylor on Landlord and Tenant.

■ If, as alleged, this was and is a party wall, its character as such places its control in the parties using it as such. The owner of adjoining premises, using the wall, has and would have a joint interest in, and control of, said wall with the landlord herein.

■ The failure of the landlord to discharge the duties imposed upon it by law, as alleged in the tenant's tendered answer, is sufficient to constitute a defense if proven, and the trial court was in error in denying leave to file it on the ground that it did not state a defense.

The judgment is reversed with directions to proceed in harmony with the views herein expressed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.