## DAVIS v. ALLEN et ux.

No. 6087.   Decided August 11, 1939.   (92 P. 2d 1100.)

*A. U. Miner,* of Salt Lake City, for appellants.

*S. J. Sweetring,* of Price, for respondent.

WOLFE, Justice.

Appeal from a judgment awarded for $150 rent to respondent under a written lease and for $125 damages alleged

to have been caused by respondent sub-lessees of the premises. The facts are as follows:

One James Bergera owned the premises, known as the Silver Doll, located on the highway between Price and Helper, Utah. He leased them to Davis for a term of three years and four months, ending December 1, 1937. Davis constructed a building on the lot which was by him used as a road house. On June 1, 1936, Davis sub-leased to the Allens.

The sublease from Davis to Allen was for eleven months, with automatic renewal for a like period unless either within a certain time gave notice to the contrary. No such notice was given. The court assumed there was a renewal and that defendants could have occupied at least until the lease between Bergera and Davis ran out, to wit December 1, 1937. No objection is made to this finding, but defendants allege that plaintiff resumed possession of the premises on or about June 1, 1937, during the time they were vacant, by going in and making repairs; that this constituted a surrender by defendants and acceptance thereof by plaintiff, hence a termination of the lease. Plaintiff counters by contending that his entry on the premises on June 1, 1937, was to repair damages done by water entering the basement either from broken pipes caused by freezing or from melting snows; that he was, therefore, entering premises vacated by his tenant in order to preserve them, a right consistent with a recognition of the continued existence of the lease. The repairing was really done by Bergera and his men. Bergera paid the bills. Defendants claim Bergera did much more than make repairs which were required by any neglect of defendants. On July 2, 1937, Davis and Bergera agreed to cancel their lease. Bergera agreed to assume various accounts of Davis incurred when Davis built the structure, and taxes on the building which Davis was supposed to pay. There is no evidence that Davis ever paid any of the bills or for any of the work which Bergera put on the building to restore and improve it about June 1, 1937.

The complaint claimed rental from December 1936 to August 1937, both inclusive, at $25 per month—a total of $200 on his first cause of action. The court found the rental to be $150 but failed to find the months for which it was due.

On the second cause of action in which plaintiff sued for $445 because of alleged neglect, the court found to be due the plaintiff damages of $125 with interest from December 1, 1937.

Appellants manage to assign twenty-six alleged errors. But the main contentions argued in the brief are that in no case could the rent due be more than $125. They contend that Allen paid in advance each month, including November 1936; that at the time of the making of the lease there was a last month's rent also paid. They contend that Davis resumed possession of the premises on June 1, 1937; hence that even admitting a renewel the rent due could not be for more than December 1936 to May 1937, both inclusive, with one month (the last) already paid— $150 less $25 or $125. The counter contention is that the premises were not resumed by reason of making necessary repairs and that defendants therefore owed Davis rent under the renewal period until July 1, 1937 (the surrender by Davis to Bergera taking place on July 2, 1937). We think the court correctly concluded that the work on the building by Bergera on June 1, 1937, on behalf of Davis was under the circumstances not inconsistent with the outstanding lease between Davis and Allen. The premises were empty and had been so since February 18th, preceding. Water had leaked in the basement and had damaged the building. While more work than mere repairs was done, it was not inconsistent with the lease and did not work an actual or constructive ejectment. Such extra work was to prevent more water leaking in and naturally would be done at the time the repairs were made. The finding that six months' rent was due is therefore not contrary to facts even though the more refined subsidiary fact as to which specific six

months was not included. We find no error in the giving of judgment on the first cause of action.

The court gave damages under the second cause of action for $125. The court, in its memorandum of decision, gave as the reason for awarding this amount the loss by Davis of five months' rent from July 1 to December 1, 1937. From reading the testimony it is apparent how the court arrived at this conclusion. Davis testified he had no money to pay for repairs which Bergera put on the premises and agreed therefore to surrender the lease on July 2d and turn over the building. The court concluded that he, therefore, because he would not pay for the repairs which were required because of Allen's neglect, lost the use of the premises from that time to December 1, 1937, when the lease expired. However, the findings award the $125 as damages for failure to return the premises in as good condition as received, ordinary wear and tear excepted. The damages were given because of injury due to letting the water pipes freeze and thus allowing water to enter the basement, which caused the ground to slough in around the building. If the evidence supports this finding, we must uphold it, regardless of the discrepancy between the memorandum opinion and the findings. But the evidence does not support the finding. There is no evidence as to the actual cost of restoring the premises to the condition they were in before the water leaked in the basement, as distinguished from amounts paid out for improvements made at the same time. Moreover, there is no evidence as to the reasonable value of the work done by others than Bergera or of the materials furnished. There is evidence of the value of Bergera's work, but what was put in for restoration and what for additional improvements does not appear. Checks showing payments were tendered and withdrawn. It is apparent that the court labored under a misconception of the type of damages sued and prayed for. The memorandum reveals that misconception.

A release and cancellation of the lease between Bergera and Davis was admitted, but only for the limited purpose of showing that it was cancelled on July 2d and therefore that up to that time Davis had possession. The evidence given independently of this document entitled "Release and Cancellation" to the effect that Davis surrendered the lease to Bergera together with the improvements because he could not repay Bergera for the cost of restoring the premises and thus lost five months' use is not admissible to support the allegations of damage caused by Allen's neglect. That is a consequential damage not alleged.

Since we find no evidence to support the judgment of $125 on the second cause of action, we need not consider the more difficult question as to whether Davis, a tenant, may recover from his subtenant for damages caused to the freehold, especially in absence of a showing that he was liable over to his landlord. All cases cited by the appellant pertain to trespasses causing damage to the freehold while in possession of a tenant. No assistance is given as to the rule when a subtenant causes the damage. Perhaps this question may never arise because a reading of the "Release and Cancellation" and the lease attached thereto may lead to the conclusion that Davis in no case could be held by Bergera for such damages because Bergera may have expressly released him from all claims when he agreed to a cancellation of the lease. Since neither the release nor the lease are in for any but the limited purposes above set out, we are powerless to determine the legal import of their provisions. And the evidence and findings being as they are—failing in articulation—such interpretation would be supererogation, even though the said documents were admitted for all purposes.

The cause is affirmed as to the first cause of action. It is reversed as to the second cause of action, with instructions to grant a new trial as to the issues involved therein.

Costs to appellant but as to the printed brief and abstract only 30 pages of the total pages of the two.

MOFFAT, C. J., and LARSON, McDONOUGH, and PRATT, JJ., concur.