### BACHRACH v. ESTEFAN.

### No. 11471.

Court of Civil Appeals of Texas. San Antonio.

Jan. 24, 1945.

Rehearing Denied Feb. 21, 1945.

G. H. Russell and R. G. Harris, both of San Antonio, for appellant.

J. Sam Levey, of San Antonio, for appellee.

MURRAY, Justice.

This is a suit by Adolph F. Bachrach against Louis M. Estefan and Rosenberg Brothers, a partnership composed of Jacob Rosenberg and Samuel Rosenberg, wherein Bachrach seeks to recover damages in the sum of $900 alleged to have been sustained by him as owner of a certain building, known as 1825-27 North St. Mary's Street, San Antonio, Bexar County, Texas, when said defendants failed to keep said premises in a good state of repair.

The building was originally leased to one Adolph Gandara for the purpose of operating a cleaning, pressing and dyeing establishment. The lease was not to be

assigned or transferred nor was there to be a subleasing of the premises without the written consent of the owner. The lease contract provided, at the expiration of the lease the tenant should deliver up the premises and improvements in good order and condition, natural wear and tear, damage by fire and elements, or act of God, alone excepted. The owner was also given a special lien as well as a landlord's lien upon all implements, fixtures, furniture, tools, etc.

Adolph Gandara and Mike Miniatis transferred the lease, with the consent of the owner, to Louis M. Estefan. Rosenberg Brothers sold the equipment which was placed in the building and retained a chattel mortgage upon same. The lease was finally terminated by Estefan and the owner given possession of his building on August 14, 1943. Rosenberg Brothers removed all of the equipment from the building on August 12th and 13th, 1943, just before Bachrach got possession of the building.

The trial began to a jury, but at the close of the evidence the trial judge instructed a verdict and rendered judgment that plaintiff take nothing. From this judgment Adolph F. Bachrach has prosecuted this appeal.

Appellant contends that the evidence raised an issue of fact as to whether Rosenberg Brothers were trespassers upon the premises when they went into the building and removed the equipment. We overrule this contention. The evidence conclusively shows that Rosenberg Brothers held a chattel mortgage lien upon this equipment, which was superior to either the contract lien or the landlord's lien held by appellant, Bachrach. Rosenberg Brothers sold this equipment first to Gandara and then to Estefan, each time they took a chattel mortgage lien to secure the unpaid purchase money. The chattel mortgage from Gandara was executed before the equipment was placed in Bachrach's building, and the chattel mortgage from Estefan was executed by him before he ever acquired title to the property. Therefore, while this equipment was in Bachrach's building there was never a time that it was not covered by a mortgage lien superior to either Bachrach's contract or landlord's lien. Furthermore, the lease was from month to month, thus terminating every thirty days. Street Realty Co. v Lackey, Tex.Civ.App., 11 S.W.2d 824; Racugno v. Hanovia Chemical & Mfg. Co., Tex.Civ.App., 110 S.W.2d 249. Estefan took over the business on or about April 3, 1942, and ran it until about July 21, 1943, more than a year. It is held in Radford v. Bacon Securities Co., Tex.Civ.App., 18 S.W.2d 848, that a chattel mortgage lien executed upon property already on the landlord's premises and covered by his lien was superior to the landlord's lien for the succeeding years. Thus when Rosenberg Brothers went upon the premises and took the machinery and equipment they were the holders of a chattel mortgage lien which was prior to any lien held by Bachrach and which gave them the right to repossess the property. Estefan had paid the rent for the month of July, 1943, had control of the premises at the time, and authorized Rosenberg Brothers to go upon the premises and take the property. Under all the circumstances Rosenberg Brothers were not trespassers.

Appellant's next point is that there was a question of fact as to whether or not Rosenberg Brothers injured the premises during such trespass. Inasmuch as we have held that Rosenberg Brothers were not trespassers, it follows we must necessarily overrule this point.

Appellant next contends that "it was a fact issue whether Rosenberg Brothers, with knowledge of the terms of the special written contract lien upon the goods in the premises to secure restoration by Estefan of the premises to good order, appropriated the said security." Having held that Rosenberg Brothers held a superior lien to that held by appellant, it follows, necessarily, that we must overrule this point.

Appellant's fourth point is: "It was a fact issue as to the extent and amount of damages sustained by Bachrach through the trespass and unlawful acts of Rosenberg Brothers." We overrule this contention because the evidence does not show that Rosenberg Brothers caused any more damage to the building than was absolutely necessary to remove the machinery and equipment which they had a right to do under the provisions of their prior lien.

Appellant's last point is: "It was a fact issue whether Estefan restored the building of Bachrach to good order as covenanted by him in the written lease." We overrule this point. The evidence only shows that in August, 1941, when Adolph

Gandara rented the building and began the operation of a cleaning and pressing establishment therein, the building was in good condition, and that in August, 1943, when appellant got his building back, it was in a damaged condition. The evidence is not sufficient to show that Estefan caused this damage, nor that such damage was more than ordinary wear and tear.

Accordingly, the judgment of the trial court will be affirmed.