266 P.2d 662

**MILLER    v.    BELKNAP et al.**

**No. 7925.**

Supreme Court of Idaho.

Feb. 3, 1954.

Delana & Delana, Boise, for appellant.

Pete Leguineche, Boise, for respondent.

TAYLOR, Justice.

The plaintiff (respondent) leased certain real and personal property to defendants (appellants) for the term of ten months from August 9, 1950, to June 10, 1951. The property had been used by the plaintiff as a motel and also as a nursing home for the care of elderly people. The lease, in terms, limited defendants to the same uses. The plaintiff reserved for her own use a bedroom and joint use of the laundry or utility room. The personal property consisted of the furniture and equipment on the property.

After the termination of the lease and the surrender of the property, the plaintiff brought this action for damages, alleging misuse of and damage to the interior of the building, to various items of personal property, and that certain items were not returned. The answer contains a general denial, and further, in a series of paragraphs, each dealing with a specific item of damage alleged by the plaintiff, the defendants make further specific denials, and also affirmative allegations to the effect that various items were repaired or replaced by them in compliance with the lease; or that the damage was done before they received the property, or was caused by acts or neglect of the plaintiff; that certain property was taken away by the plaintiff; an offer to replace or pay the reasonable value of items not returned; and allegations that certain damages complained of were no more than normally incident to reasonable wear and tear.

The court in its instructions set forth the allegations of the complaint, and the above-mentioned affirmative allegations of the answer. Then at the close of the instruction, dealing with the pleadings, the following:

"The denials in the answer put in issue all of the material allegations of the complaint not admitted, and the burden is upon the plaintiff to establish same by a preponderance of the evidence.

"The affirmative allegations of the answer are deemed denied by the plaintiff, and the burden is upon the defendants to establish same by a preponderance of the evidence."

This instruction, placing the burden of proof of the affirmative allegations of the answer upon the defendants, is assigned as error. It is apparent from the above analysis of the affirmative matter pleaded by the defendants, that such allegations do not introduce new matter. No new issues are tendered, nor any new defense in the nature of confession and avoidance. The facts alleged were admissible under the general denial. Since the lease provides that the tenants should keep and maintain the property, and to surrender the same, in "as good condition as the same now are" and "in as good state and condition as reasonable use thereof will permit", and, referring to furniture and equipment, broken or damaged beyond repair, "to replace the same with equipment of like character and condition as the same now is", the plaintiff is required to prove the breach of these covenants. That would include proof of a condition of the property on its return showing damage by misuse or neglect on the part of the defendants above and beyond that occasioned by reasonable use thereof, and, in the case of items not returned or irreparably damaged, proof of their value and that they were not replaced by equivalent property. Such proof being a part of and essential to plaintiff's case, the burden of proof was upon the plaintiff as the court instructed. But, the instruction went further and also placed the burden as to the same proof upon the defendants. This was error. Boise City v. Better Homes, 72 Idaho 441, 243 P.2d 303; Postler v. Travelers' Ins. Co., 173 Cal. 1, 158 P. 1022; El Kouri v. Toma, Okl.Sup., 194 P.2d 872; Meinecke v. Skaggs, Mont., 213 P.2d 237; Galveston, H. & S. A. Ry. Co. v. Dozier, Tex.Civ.App., 162 S.W. 1019; 45 A.L.R. Annotation X, page 83.

The foregoing treats only of the underlying principle of "burden of proof", and is not to be confused with the practical rule of procedure which requires the defendant to assume the burden of controverting a prima facie case. In expressing this rule some such confusing phrases have been used as the "burden of proof shifts to the defendant", or "passes" to the defendant. Others have said the initiative, or burden of proceeding with proof, passes to the defendant. What is intended is, when the plaintiff has made a prima facie case, the defendant must meet it with countervailing proof or suffer whatever judgment the prima facie proof will support. This is particularly applicable in many landlord and tenant cases. The property is frequently, if not generally, in the exclusive control and possession of the tenant, with little knowledge of the manner of use, or opportunity for inspection, on the part of the landlord. When he has shown the condition of the property at the time he delivered it to the tenant, and its condition when surrendered to him by the tenant, and such proof tends to establish a depreciation beyond reasonable wear and tear, the landlord makes a prima facie case, which re-

.quires the defendant to proceed with proof, explaining the apparent damage, to show that it is not greater than reasonable use would cause, or that it was not caused by any neglect or misuse on his part. But, the burden of proof remains with the plaintiff to establish his right to recover by a fair preponderance of all the evidence. Case v. Guise, 288 Ill.App. 609, 6 N.E.2d 469; 51 C.J.S., Landlord and Tenant, § 416; 20 A.L.R. Annotation, pp. 1358–9.

■ Appellant complains of the court's instruction No. 5, which, in defining "waste", includes, among other things, the use of the property "for an improper purpose." No particular claim is made by the plaintiff that the defendants used the property for an improper purpose. However, we do not think that the mere inclusion of that phrase, in a general definition of waste, constitutes reversible error. Although not of great importance, some little weight is attached to the assignment, however, in view of the refusal of the court to give the defendants' requested instructions Nos. 1 and 5, which would have advised the jury of the uses for which the property was leased, and that the jury might consider the condition of the property at the time leased, and the use the parties contemplated would be made of it. These were proper requests.

By various other assignments appellant complains of rulings of the court excluding evidence offered to show that certain of the damages claimed were normal and reason- ably incident to the use of the property for the nursing and care of elderly persons, some of whom were irresponsible, and that such damage was contemplated by the parties on entering into the lease, and are within the definition of "reasonable use." There is an apparent conflict in certain provisions of the lease with respect to the maintenance of the property. In one paragraph it is provided that the lessees "are to keep and maintain the interior of the premises in as good condition as the same now are, and repair any damage to the interior of said building at their expense". The paragraph dealing with the personal property, provides that the lessees "at the termination of said lease shall return said furniture and equipment to the party of the first part in as good state and condition as reasonable use thereof will permit." The reversion clause provides that at the expiration of the term, the lessees shall "quit and surrender said premises, and the whole thereof, to the party of the first part, in as good state and condition as reasonable use thereof will permit."

■ It is axiomatic that a lease, like any other contract, is to be construed to give effect to the intention of the parties. In so doing, the courts generally hold that covenants for maintenance and repair and covenants to surrender in good condition are to be construed together, and, so construed, the covenant to repair or to keep the premises in good condition, is modified by the covenant to surrender in good con-

dition, wear and tear due to reasonable use excepted.

"The general force and effect of a covenant by the lessee to make all repairs to the leased premises during the term of the lease is restricted and limited by a surrender clause containing an exception as to damage by fire and ordinary wear and tear. The two provisions will be construed together as imposing upon the lessee an obligation to make all such repairs as may be necessary for the preservation of the premises in the condition in which he received them from his lessor, except repairs required by reason of ordinary wear and tear, or by reason of fire. Ordinary wear and tear include any usual deterioration from the use of the premises and by lapse of time." 45 A.L.R. Annotation 70.

King v. Richards-Cunningham Co., 46 Wyo. 355, 28 P.2d 492; Ball v. Wyeth, 8 Allen, Mass., 275; Judkins v. Charette, 255 Mass. 76, 151 N.E. 81, 45 A.L.R. 1; Allen v. Fisher, 66 N.J.L. 261, 49 A. 477; Mills v. U. S., 52 Ct.Cl. 452; 32 Am.Jur., Landlord and Tenant, § 789.

■ A fair construction of the lease here involved is that the defendants undertook to keep the property during the term, and to surrender it at the end of the term, in as good condition as when received, but not to make good any depreciation thereof due to reasonable use for the purposes contemplated by the lease. Hence, all evidence offered, bearing upon the state and condition of the property at the time defendants received possession, and at the time of its surrender, should have been admitted, as well as evidence of depreciation normally attending the contemplated use, and, as to property not returned or damaged beyond repair, its value at the time it was delivered to the defendants, less such reasonable depreciation as they might show. Lane v. Spurgeon, 100 Cal.App.2d 460, 223 P.2d 889; Salina Coca-Cola Bottling Corp. v. Rogers, 171 Kan. 688, 237 P.2d 218; Cohen v. Reif, 223 Ky. 603, 4 S.W.2d 388; Burdick Tire & Rubber Co. v. Heylmann, 79 Ind.App. 505, 138 N.E. 777; 45 A.L.R. Annotation 12; 20 A.L.R.2d Annotation 1331; 32 Am. Jur., Landlord and Tenant, § 779.

■ Having to do with this same question of damages, appellant assigns the ruling of the court excluding testimony as to the condition of a certain mattress at the time it was leased to defendants. It appears the mattress had been soiled by a bedwetting patient who had been in the care of the plaintiff prior to the lease, and whose care was transferred to the defendants. Subsequently the mattress became so soiled and damaged by such use that the defendants destroyed it. The court ruled that since defendants admitted that they had destroyed it, its condition when they received it was immaterial. This was error. The measure of plaintiff's recovery for property damaged beyond repair, by the terms of the lease, was its replacement "with equipment of like character and con-

54

dition as same now is", subject to depreciation by reasonable use. If such property was neither returned nor replaced, recovery would be measured by its value. Defendants should be permitted to show the condition, at the time they received it, of any of the property as to which plaintiff claims damage.

■■■■ Appellants also complain of restrictive rulings of the court excluding evidence tending to show that the contemplated use of the property for a nursing home would entail greater damage and depreciation to property reasonably used for that purpose than would occur in other types of living uses. The court ruled that such a use would not excuse neglect and uncleanliness. That, of course, is correct. However, as generally stated, the trier of the facts in such cases should consider the use to which the property is to be put and the reasonable and normal depreciation, wear and tear, incident thereto, when determining damages for waste. Alabam Freight Lines v. Stewart, 70 Ariz. 140, 217 P.2d 586. Even in the absence of express covenant the tenant,

"* * * is impliedly obligated so to use the demised premises during the term that they will revert to the landlord in the same general condition in which they were at the time of the letting, subject to such general deterioration as is caused by a reasonable use and the lapse of time." 32 Am.Jur., Landlord and Tenant, § 802.

It was for the jury to determine from the evidence what constitutes negligent uncleanliness, and what constitutes reasonable use of property, in the operation of a nursing home. Cf. Haas v. Brown, 21 Misc. 434, 47 N.Y.S. 606.

■■■■ Appellants assign the ruling of the court rejecting testimony by a real estate broker as to what the plaintiff told him she wanted for the property in mid-1950, and again in 1951 after the defendants had moved out. In view of plaintiff's pleading and proof, this ruling was error. In her complaint, plaintiff alleged that at the time of the lease the property was worth $15,000, but at the time of surrender it was worth only $9,000, and she prayed for damages in the sum of $6,000. As a witness she testified that when leased to the defendants the property was worth $15,000, and that she sold it in August, 1951, for $10,500. The depreciation in value of property during the term is not ordinarily the correct measure of damages for waste by a lessee. Generally and, except in cases where it would not be applicable or adequate, the measure of damages for waste is the cost of repairing or restoring the property to the condition it would have been in had the tenant performed the obligation of the lease. Capitol Amusement Co. v. Anheuser-Busch, Inc., 94 Colo. 372, 30 P.2d 264; Davis v. Allen, 97 Utah 285, 92 P.2d 1100; Bachrach v. Estefan, Tex.Civ.App., 184 S.W.2d 640; Powers v. Merkley, 293 Mich. 177, 291 N.W. 267; Kann v. Brooks, 54 Ind.App. 625, 101 N.E. 513; 45 A.L.R.

Annotation 12; 20 A.L.R.2d Annotation 1331; 32 Am.Jur., Landlord and Tenant, §§ 801 and 816.

■ The measure of damages claimed by plaintiff would have to take into account fluctuations in the market during the term. The landlord would have no better claim on the tenant for loss of value due to a declining market than the tenant would have against the landlord for appreciation due to a rising market. Also, it is recognized that improvements will depreciate by mere lapse of time. Furthermore, in this case the lease expressly provides that the landlord "is to maintain the exterior of said building, including the roof", and that she would "keep and maintain the lawn and yard * * * to her satisfaction." The measure of damages which plaintiff sought to impose, includes obligations which the defendants did not undertake. The court instructed the jury in keeping with plaintiff's theory of damages. However, appellants do not assign this instruction as error. Nowhere in the record does it appear that the defendants objected to plaintiff's measure of damages, and the trial proceeded upon the plaintiff's theory. Therefore, the offered evidence of statements made by the plaintiff, both before and after the term, as to what she wanted for the property, should have been admitted in contradiction of her testimony as to value and depreciation.

■ Plaintiff alleged that the provision in the lease by which she agreed to maintain the lawn and yard was subsequently modified by a parol agreement between the parties, by the terms of which she surrendered her possession of the reserved bedroom and joint use of the laundry and utility room in return for defendants' agreement to maintain the lawn and yard. Defendants deny there was any such agreement. Appellants assign as error the court's instruction on this issue of modification. Briefly stated, the instruction was that a written lease may be modified by verbal agreement of the parties and, if the jury should find by a preponderance of the evidence, that the parties agreed to the modification, it became a part of the lease and must be complied with. This instruction is erroneous. The jury should have been advised that the party asserting the parol modification of a written agreement has the burden of proving the modification, and that the modification must be established by clear and convincing evidence. A bare preponderance is not enough. Molyneux v. Twin Falls Canal Co., 54 Idaho 619, 35 P.2d 651, 94 A.L.R. 1264; Morrison v. Pierce, 47 Idaho 430, 276 P. 306.

■ One of the assignments also criticises the instruction because it does not advise the jury that by the terms of the written lease the plaintiff agreed to keep and maintain the lawn and yard. Although not in itself reversible error, in view of the fact that the lease itself was in the hands of the jury as an exhibit, the assignment calls attention to the fact that the instruction is entirely abstract. It would have been better

to outline the issue between the parties, advising the jury as to the contentions of each, the burden and degree of proof required, as well as the ultimate effect of any modification which they might find thus established.

The judgment is reversed and the cause remanded for a new trial. Costs to appellants.

PORTER, C. J., and GIVENS, THOMAS and KEETON, JJ., concur.