374 P.2d 710

Allie POESY, Plaintiff-Appellant,

v.

C. E. CLOSSON, Defendant-Respondent.

No. 9078.

Supreme Court of Idaho.

Sept. 20, 1962.

**550**

Tom Felton, Felton & Bielenberg, Moscow, for appellant.

J. M. O'Donnell, Moscow, for respondent.

McFADDEN, Justice.

Plaintiff instituted this action to recover on a promissory note for $300.00 executed June 10, 1957, payable with 6% interest one

year after date, and for a reasonable attorney's fee in case of suit for its collection. Defendant answered, claiming the note was executed without any consideration, and set forth a cross-claim for damages, allegedly resulting from a breach of the provisions of the written lease executed by defendant as landowner, and by plaintiff as tenant. This lease was for a term of four years from March 15, 1954, and among its terms, provided that upon expiration of the term, the plaintiff agreed, " * * * peaceable possession of said premises shall be given to the party of the first part (defendant) in as good condition as they now are, the usual wear, damage or injury * * * excepted". The defendant claimed a breach of this provision of the lease alleging plaintiff committed waste and damage to his reversionary interest in the amount of $2,-845.00; the cross-claim set forth some nine separate allegations of particular breaches on the part of the plaintiff. The plaintiff by his answer to the cross-claim generally denied these charges.

No trial was had on the matter. Each party obtained the deposition of the other party and his witnesses, and by stipulation they submitted the matter to the trial court on the record as presented by such depositions. The trial court made specific findings of fact, and conclusions of law, and entered judgment " * * * that this cause be dismissed as to both the complaint and cross-claim and that neither of the above named parties have judgments against the other * * *," without costs to either.

The court found that the promissory note was duly executed, with adequate consideration; that demand was made, and that pursuant to stipulation $150.00 was a reasonable attorney's fee. The trial court further found that the defendant was the owner of the property in question; that he had leased it to plaintiff; that it was agreed the property would be returned in good condition, subject to usual wear, damage or injury, and that waste had been committed in an amount exactly equal to the amount for principal, attorney's fees and interest on the promissory note. The court made its conclusions of law in conformity with the findings, and entered decree that neither party should recover as against the other.

Plaintiff appealed from the judgment. By his assignments plaintiff contends that this judgment and certain of the trial court's findings are contrary to the law and evidence.

In May or June 1957, Closson approached Poesy requesting a termination of the lease prior to the expiration date in order to allow Closson a chance to make a sale of the premises to one Clark. In return for quitting the premises, Closson executed and delivered the $300.00 note in question upon surrender of the Poesy lease. The uncontroverted testimony showed that Poesy quit the premises, and that Closson

also took certain hay crops. This is adequate consideration for the execution of the promissory note. By written stipulation, accepted by the court, $150.00 was agreed as being a reasonable attorney's fee. The record fully supports appellant's contention and the court's determination that there was consideration for this note.

■■■■ Appellant contends the record fails to establish the cross-claim and damages thereunder. Closson testified to certain damage being done, among which were removal of a section of fence, claimed damage to growing trees, removal of horse stalls in a barn, presence of two wrecked cars, damage to two wood stoves, marring of window and door casings, blackening and charring of walls and ceiling in the kitchen, tearing of wallpaper in bedroom, breaking of linoleum on the floors, numerous nails in the walls, impregnable odors left in the house, and certain rocks left around the premises. The amount of such claimed damage was disputed by the plaintiff. Even conceding that all the damage claimed was done, yet Closson cannot recover under his cross-claim.

The court has recently passed on the elements of proof necessary for a recovery for a breach of a condition in a lease requiring delivery of possession in the condition it was upon entry. In Miller v. Belknap, 75 Idaho 46, 51, 266 P.2d 662, this court stated in regard to breach of a similar agreement contained in a lease:

"* * * the plaintiff is required to prove the breach of these covenants. That would include proof of a condition of the property on its return showing damage by misuse or neglect on the part of the defendants above and beyond that occasioned by reasonable use thereof, * * *. Such proof being a part of and essential to plaintiff's case, the burden of proof was upon the plaintiff as the court instructed."

Essential to prove a breach of such a covenant, it is necessary that the condition of the property at the time its possession was given to the tenant be shown, in order that the difference in its condition when given to the tenant as compared to that when returned can be determined as to whether it was "usual wear, damage or injury," or not. In Miller v. Belknap, supra, at p. 51, 266 P.2d at p. 665, this court stated:

"When he has shown the condition of the property at the time he delivered it to the tenant, and its condition when surrendered to him by the tenant, and such proof tends to establish a depreciation beyond reasonable wear and tear, the landlord makes a prima facie case, which requires the defendant to proceed with proof, explaining the apparent damage, to show that it is not

greater than reasonable use would cause, or that it was not caused by any neglect or misuse on his part. But, the burden of proof remains with the plaintiff to establish his right to recover by a fair preponderance of all the evidence."

Thus, to establish a breach of such an agreement, it is necessary for plaintiff to prove, among other things, the condition of the premises at the time its possession was delivered to the tenant, or establish specific acts of waste or damage during the tenancy.

In certain instances the proof as to the condition of the premises at the time of delivery of possession to Poesy was shown, i. e., that there was a fence; that there was linoleum on the floor of the house; that there was no hole cut in the home; that there were stalls in the barn; that the premises did not have any junked cars on them; that the dwelling had been kept reasonably clean.

There was also proof that there was depreciation of or waste from which it could be inferred that such depreciation or waste was beyond that of the usual wear, damage or injury.

However, the final element to establish Closson's claim as to the amount of damages is lacking. Generally and, except in cases where it would not be applicable or adequate, the measure of damages in a case of this nature is the cost of repairing or restoring the property to the condition it would have been had the tenant performed the obligation of the lease. Miller v. Belknap, 75 Idaho 46, 266 P.2d 662; 51 C.J.S. Landlord and Tenant § 373h (2), p. 1123; 32 Am.Jur. 682 Landlord and Tenant § 801. It was the obligation of Closson to prove with reasonable certainty the extent of these damages, which he failed to do. Certain testimony was given as to the costs of remodeling the interior of the home, which evidence is incompetent to establish the damages for failure of the tenant to deliver the premises in as good condition as when received, excepting normal wear and tear, as there was no proof that the action of the tenant resulted in such gross damage as to require a complete reconstruction of the interior of the home. Other items were not established with sufficient definiteness that it can be said Closson sustained his burden of proof in that regard.

When the evidence is wholly in the form of depositions and documentary evidence, findings of the trial court are not binding on this court. Phipps v. Boise Street Car Co., 61 Idaho 740, 107 P.2d 148; Burns v. Skogstad, 69 Idaho 227, 206 P.2d 765; Saccomano v. Northern Idaho Shingle Co., 73 Idaho 284, 252 P.2d 518. We are constrained to the view that the evidence

presented by Closson wholly failed to establish his cross-claim.

The judgment of the trial court is reversed, and the cause remanded with instructions that judgment be entered for plaintiff on the promissory note, in its principal amount, with attorney's fees fixed by stipulation, interest and costs below, and that the cross-claim of respondent Closson be dismissed.

Costs to appellant.

SMITH, C. J., TAYLOR, and KNUDSON, JJ., and YOUNG, D. J., concur.