## McGREGOR, receiver, *v.* THIRD NATIONAL BANK OF ATLANTA *et al.*

1. Where, pending a receivership, application is made to the court by a creditor for leave to effect with the receiver and others a settlement which is represented to be advantageous to all parties concerned, and the receiver is ordered by the court to show cause why the offer of settlement should not be accepted, he may, in the event he is dissatisfied with a judgment directing him to make settlement on the terms proposed, sue out a writ of error assigning error on such judgment.

2. That the evidence introduced on the hearing of the application is not properly brought to this court, and can not, for that reason, be considered, affords no reason for dismissing the writ of error.

3. A bill of exceptions which recites that the trial judge overruled a demurrer to the plaintiff's petition, and that exception is taken to such

ruling and such ruling is assigned as error, presents a legally sufficient assignment of error, when the demurrer is specified as a material part of the record and discloses what objections were urged against the petition.

4. When a court of competent jurisdiction has undertaken to exercise exclusive control over the winding up of the affairs of a defunct bank, a creditor may, in behalf of himself and other persons at interest, file an intervention praying leave to effect a settlement with the receiver of a valid claim held against the bank; and if the receiver, as the representative of its stockholders and other creditors, fails to show cause, upon being cited to do so, why the proposed settlement should not be authorized, the court may, in its discretion, order him to accept the terms of settlement offered by the intervening creditor, to the end that long and expensive litigation may be rendered unnecessary.

Argued December 1,—Decided December 22, 1905.

Equitable petition. Before Judge Hammond. Warren superior court. April 19, 1905.

The Third National Bank of Atlanta presented to the superior court of Warren county a petition in which the following facts were set forth: On September 30, 1902, the bank brought suit in that court against Peter F. Smith on a promissory note for $1,500, dated February 11, 1901, payable to J. F. Allen, indorsed by him to the Bank of Warrenton, and by that bank transferred to the plaintiff. The payment of this note was secured by a deed to Allen, concurrently executed by Smith, covering a house and lot in the town of Warrenton known as his "home place." In its suit against Smith, the plaintiff bank asked for a judgment for the amount due on the note, and for a special lien on the premises described in the security deed. At the appearance term Smith filed an answer in which he admitted the giving of the note and that the plaintiff was the legal holder thereof, but alleged that the note included usury to the amount of $150, and that the deed was void because tainted with usury. On July 21, 1902, Smith made to his wife a deed to the premises, for an alleged valuable consideration, which deed was properly attested and duly recorded; and she asserts that her title is superior to the claim of the plaintiff bank. It holds the note and deed given to Allen as collateral security for the payment of a note against the Bank of Warrenton, which is indebted to plaintiff in the principal sum of $869.75, besides interest from April 6, 1904; and plaintiff contends that there was no usury in the note to Allen, that the deed from Smith to his wife is inferior to the security deed previously given by him to Allen, which was duly recorded on Febru-

ary 15, 1901, and that its demand is just and the property is subject to its claim. On February 17, 1902, the Bank of Warrenton became insolvent and executed to James A. Anderson, as assignee, a deed of assignment for the benefit of its creditors. Its indebtedness to the plaintiff now amounts to more than $1,000; the value of the property covered by the security deed is doubtful; and if plaintiff should prevail in the aforesaid suit, and the property were put up for sale at public outcry, it would bring but little, if anything, more than the amount due plaintiff by the Bank of Warrenton. Smith is insolvent, and plaintiff can not hope to realize anything on its claim against him, save by subjecting the property to the payment thereof; and should it fail in this, then there would be a complete loss of the debt, falling both upon the plaintiff and upon the Bank of Warrenton. In that event the plaintiff would have the right to come in and share with the other creditors of the Bank of Warrenton in whatever assets might be in the hands of its assignee, as well as the right to join with them in making a call on the stockholders of that bank to make good whatever amount might be due to its creditors after exhausting its assets. The property in question is worth very little more than enough to pay the debt due plaintiff by the Bank of Warrenton; there is room for long litigation in the matter, and it will be to the best interest of all parties concerned to come to a settlement. With this end in view, plaintiff is willing to accept $700 in full settlement of its claim against the Bank of Warrenton, this amount to be paid free from any court costs. Mrs. Smith is willing to pay to that bank $700 and the costs of court in full settlement of its demands on the claim originally held by Allen and now by plaintiff, upon the court relieving the land from any liability therefor; and this compromise of a disputed claim asserted by her will inure to the benefit of the Bank of Warrenton and its creditors and stockholders. The prayers of the petition were, (1) that the Third National Bank be authorized to make the proposed settlement with Smith and his wife, and be relieved from accounting to the Bank of Warrenton, or its assignee or receiver, for the difference between its indebtedness and the amount due on the note executed by Smith; and (2) that C. E. McGregor, the receiver of the Bank of Warrenton, be made a party to the petition of the plaintiff for leave to make this settlement of the controversy.

The court passed an order calling upon the receiver to show cause why the prayers of the petition touching the proposed settlement should not be granted, and he appeared and filed both a demurrer and an answer to the petition. By his demurrer he raised the point that the plaintiff bank had a complete remedy at law, by simply prosecuting its suit against Smith, and that the facts alleged did not warrant a court of equity to grant the relief prayed against him. In his answer he admitted that the Third National Bank was the holder of the note and security deed executed by Smith, the same having been transferred to it as collateral security for the payment of a note given the plaintiff by the Bank of Warrenton, but asserted that the total amount due on this note was only $992.39, that the house and lot covered by the security deed were worth at least two thousand dollars, and that the proposed compromise would not operate to the benefit of all parties at interest. The receiver further alleged, that if the Third National Bank would continue to prosecute its suit against Smith, and should be successful, he would, as the representative of the Bank of Warrenton, receive the difference between $992.39, the amount of its indebtedness to the plaintiff, and $1,900, the amount due on the note given it by Smith; and that if the plaintiff were permitted to settle the litigation, he, as receiver, would be unable to realize any sum whatsoever on the equity of redemption which the Bank of Warrenton had with respect to that note and the deed given to secure its payment. Mrs. Smith was subsequently made a party to the proceeding, and, by consent of counsel, the case was presented for determination to Judge Henry C. Hammond, of the Augusta circuit, the judge of the court in which it was pending being disqualified to try it. The demurrer filed by the receiver was overruled, and after a hearing on the merits the presiding judge passed an order authorizing the Third National Bank to effect the settlement in accordance with the terms proposed' in its petition. To this order exception is taken by McGregor, in his capacity of receiver and as the representative of the creditors and stockholders of the Bank of Warrenton.

*L. D. McGregor,* for plaintiff in error.

*E. P. Davis, John T. West,* and *E. T. Shurley,* contra.

Evans, J. (After stating the foregoing facts.) A motion was made by the defendants in error to dismiss the bill of exceptions on

the following grounds: (1) Because the receiver of the Bank of Warrenton is an officer of court, and his duty is to act under the order of the court; and the court having ordered him to settle this case, he has no right to appeal to the Supreme Court. (2) Because no brief of evidence was filed in the case, nor is the evidence incorporated in the bill of exceptions, but certain affidavits therein specified as having been used on the hearing are sent up in the record, without being identified by the presiding judge. (3) Because there is in the bill of exceptions no legally sufficient assignment of error.

1. The receiver was, indeed, an officer of court, but he was appointed for the express purpose of representing not only the defunct bank, but also all of its creditors and stockholders. It was within the discretion of the court to permit its receiver to be sued. *Weslosky* v. *Quarterman*, 123 *Ga.* 312. When he was called on, by order of the court, to show cause why the prayers of the petition filed by the plaintiff bank should not be granted, he became a party defendant to the action, and it was his duty to defend it in behalf of all those of whom he was the duly appointed representative. Not only did he have a right to present his defense, but the very purpose of bringing him before the court as a party defendant was that he might urge any defensive matter to the suit which the creditors or other persons interested in the proper administration of the affairs of the defunct bank could urge if themselves made parties defendant. Unless he represented them in the litigation, it would be necessary to bring all of them before the court; else any judgment rendered therein would not conclude or be binding upon them. It was through the receiver that these interested parties had to resist the granting of the relief sought by the plaintiff; and the judgment being adverse to him, it was his right and duty, as their representative, to except thereto, if he or any of them was not satisfied therewith. Their right of review by the Supreme Court was certainly not cut off merely because he was an officer of court and was, under ordinary circumstances, subject to its orders without question.

2. That the evidence introduced on the hearing in the court below is not properly brought to this court, and for that reason can not be considered, affords no cause for dismissing the writ of error. *Southern Mining Co.* v. *Brown,* 107 *Ga.* 264; *Pullen* v. *State,* 116 *Ga.* 555. The case is to be retained in court, in order that such

·disposition of it as is proper without having regard to the evidence, may be made. *Saint Amand* v. *Lehman,* 120 *Ga.* 253. If the assignments of error can not be intelligently passed on without a review of the evidence, the judgment of the court below must stand affirmed. *Ansley* v. *Davidson,* 110 *Ga.* 279; *Moore* v. *Medlock,* 113 *Ga.* 259. Aliter where questions are presented for determination which do not involve a consideration of the evidence. *Hathcock* v. *McGouirk,* 119 *Ga.* 973.

3. The present bill of exceptions specifically assigns error on the overruling of a demurrer interposed by the receiver to the plaintiff's petition. The record embraces the demurrer and discloses what objections were therein urged against the petition; so the complaint in the bill of exceptions that the court erroneously overruled the demurrer furnishes a legally sufficient assignment of error. *Johnson* v. *Porter,* 115 *Ga.* 401, 403.

4. It is unnecessary to enter into a discussion of the question whether or not the petition filed in this case is such as can technically be termed a bill of peace, as it is styled in the bill of exceptions. We have long since departed from the forms and niceties of equitable pleading which were once in vogue. Taking the allegations of the petition as true, the proposed termination of the pending litigation, to which neither the receiver of the bank nor its creditors and stockholders had been made parties, will prove advantageous and beneficial to all persons concerned in a proper administration of the affairs of the Bank of Warrenton. The plaintiff is one of its creditors, and seeks authority of the court which has assumed exclusive jurisdiction in winding up the affairs of the defunct Bank of Warrenton to make a settlement of a valid and just claim against it. The relief sought will not prejudice the rights of any other creditor or any stockholder of that bank. It is hardly to be doubted that the receiver would be permitted to make such a settlement, if, upon proper application to the court for leave to do so, the judge, having all parties at interest before the court, should deem the settlement expedient and to the common advantage of all. A creditor of the bank might with equal propriety apply to the court for permission to settle a claim against the receiver, if the former could in this way bring to the attention of the court a feasible plan for properly administering the affairs of the defunct bank, then before the court for direction and adjustment through its receiver.

We may treat the petition, then, as an intervention filed by a creditor who presents to the court his claim against the receiver appointed under a creditor's bill, and asks that the receiver be authorized to settle it on terms which will be beneficial to all parties whom he represents. That the court had jurisdiction to entertain the petition we can not doubt; for the court had undertaken to administer the assets of the insolvent bank in such way as to best protect and serve the interests of its creditors and stockholders, and certainly had the incidental power, pending the receivership, to call upon them to show cause why its receiver should not be granted leave to effect a settlement to which the judge was willing to give his sanction, believing it preferable to the prosecution of long and tedious litigation, the result of which could not be foretold and might be adverse to them. It is equally clear, we think, that the judge could with propriety order the receiver to accept the offer of compromise, in the event he did not, as the representative of those whose interests might be affected thereby and whose consent to it had not been secured, show cause why it should not be effected at the instance of the petitioners. What reasons he assigned for rejecting the offer of settlement are disclosed by the answer which he filed to the petition; but, since the evidence adduced on the hearing is not before us, we are not informed whether he sustained by proof the allegations of fact upon which he based his objections to the compromise. We accordingly confine our inquiry to the merits of the objections raised by demurrer, and hold that for no reason assigned therein should the prayers of the petitioner have been ignored and the petition dismissed.

*Judgment affirmed. All the Justices concur.*