29076, 29077. CRUTCHFIELD *v.* WESTERN ELECTRIC COMPANY; and *vice versa.*

SUTTON, J. 1. "The broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." Code, § 4-213; *Thompson* v. *Weeks,* 60 *Ga. App.* 560, 562 (4 S. E. 2d, 415), and cit.

(*a*) "Brokers in whose hands property is placed for sale, in order to earn commissions on account of the sale of such property, must either have sold it or been the procuring cause of the sale. If the purchaser who was spoken to by them had abandoned all idea of the trade, and they had no influence at all in bringing it about, they would not be entitled to commissions, although the purchaser may subsequently have bought from the owner." *Doonan* v. *Ives,* 73 *Ga.* 295 (1-*a*).

2. Where suit was brought to recover broker's commission on the sale by the defendant of property to buyers whom the plaintiff alleged he had procured, but where it was not shown that the property sold was listed exclusively with the plaintiff for sale, and where, although the plaintiff's salesman testified that the defendant had listed the property, through him, with the plaintiff for sale at a price of $75,000, with the statement that it probably could be bought for a little less, he further testified that all offers, including one of $65,000, the largest, submitted by him to the defendant from the prospective purchasers, were refused by the defendant, who subsequently sold the property, through other brokers, to the plaintiff's alleged clients for the sum of $70,000, and where it was not shown that the defendant interfered in any way with the plaintiff's efforts to sell the property at any price stipulated by the defendant, and the plaintiff's salesman testified that his prospective buyers wanted him to split the commission in the event a sale was made, that he had not been able to get an offer which the defendant would accept, and that after making the offer of $65,000 he informed the prospective buyers that he would not split the commission with them, and was never able thereafter to get a definite offer from them and "was never able to negotiate a sale of this property," and that he thought "the definite reason was because they wanted me to split my commis-

sion," a finding was demanded as a matter of law that the plaintiff had not procured a buyer ready, able, and willing to buy on terms alleged to have been stipulated by the owner, and was not the procuring cause of the ultimate sale of the property by the owner, through other brokers, and, accordingly, the court did not err in directing a verdict for the defendant.

3. Because of the above ruling it is unnecessary to pass upon the assignment of error in the cross-bill of exceptions and the same is dismissed.

*Judgment affirmed on main bill of exceptions. Cross-bill of exceptions dismissed. Stephens, P. J., and Felton, J., concur.*

DECIDED SEPTEMBER 22, 1941. REHEARING DENIED NOVEMBER 18, 1941.

*Carl F. Hutcheson, Robert B. Blackburn,* for plaintiff.
*Neely, Marshall & Greene,* for defendant.