### 35949. Williams & Templeton *et al. v.* Brewer.

Carlisle, J. 1. "Where a party sues for specific damages he has the burden of showing the amount of loss claimed in such a way that the jury may calculate the amount of loss from the data furnished and will not be placed in a position where an allowance of the loss is based on guesswork. *National Refrigerator &c. Co.* v. *Parmalee*, 9 *Ga. App.* 725 (72 S. E. 191)." *Studebaker Corp.* v. *Nail*, 82 *Ga. App.* 779, 785 (62 S. E. 2d 198); *Davis* v. *Price*, 72 *Ga. App.* 565 (34 S. E. 2d 565).

2. Under the decision of the Supreme Court in which this case was transferred to this court (*Williams & Templeton* v. *Brewer*, 211 *Ga.* 786, 89 S. E. 2d 269), the only questions remaining for decision are whether there was a trespass and illegal cutting of the timber and what amount of damage should be assessed; and, under an application of the principle of law announced in division 1 of the present decision to the facts of the case in its present status, a verdict was demanded for the plaintiffs in error under the evidence, and the trial court, consequently, erred in deny-

ing the motion for a judgment notwithstanding the verdict as to St. Mary's Kraft Corporation, and in denying the motion for a new trial as to Williams & Templeton. The defendants Williams and Templeton were, under the terms of their lease, entitled to all the timber of a specified size on the described lands. The defendant St. Mary's Kraft Corporation was, under the transfer of that lease to it, and an order of court in the injunction proceedings, entitled to cut and remove timber of the specified size up to the value of $15,000 from the described lands. While there was evidence from which the jury would have been authorized to find the quantity of timber on the lands before any cutting operations were begun by anyone, and there was evidence from which the jury would have been authorized to find the quantity of timber removed from the lands, there was no evidence from which the jury would have been authorized to find that the defendants removed more of the timber from the lands than they were entitled to cut and remove, as there was evidence that an undetermined quantity or quantities of timber had been cut from the lands by persons other than the defendants. There was no sufficient evidence, therefore, upon which the jury could base its verdict for damages. The trial court is directed to enter verdict in accordance with the motion for a judgment notwithstanding the verdict as to St. Mary's Kraft Corporation and to grant a motion for a new trial as to Williams & Templeton.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 16, 1956—REHEARING DENIED MARCH 14, 1956.

*Sharpe & Layne, Chas. L. Gowen, Chris Conyers,* for plaintiff in error.

*James E. Findley, Jackson & Graham,* contra.

ON MOTION FOR REHEARING.

CARLISLE, J. Where, in a bill of exceptions, error is assigned upon the denial of a motion for judgment notwithstanding the verdict, and the motion for judgment notwithstanding the verdict, specified as a part of the record, recites that, prior to the motion for judgment notwithstanding the verdict, the movant's motion for a directed verdict was refused, there is a sufficient compliance with the requirements of Code (Ann. Supp.) § 110-113 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 444). See, in this connection, *McGregor* v. *Third National Bank of Atlanta*, 124 *Ga.* 557 (3) (53 S. E. 93). The court was not unmindful of the rulings in *National Life &c. Ins. Co.* v. *Goolsby*, 91 *Ga. App.* 361 (85 S. E. 2d 611), and *Bromberg* v. *Drake*, 91 *Ga. App.* 118, 122 (2) (85 S. E. 2d 160), in determining the sufficiency of the assignment of error on the judgment overruling the motion for judgment notwithstanding the verdict.

*Motion for rehearing denied. Gardner, P. J., and Townsend, J., concur.*