### 41340. SPACEMAKER, INC. et al. v. BOROCHOFF PROPERTIES, INC.

DECIDED OCTOBER 5, 1965—REHEARING DENIED OCTOBER 22, 1965.

*John E. Dougherty*, for plaintiffs in error.

*Westmoreland, Hall & Pentecost, Harry P. Hall, Jr.*, contra.

BELL, Presiding Judge. ■ This action was treated by the parties and the court below as an action for damages for breach of covenants in the lease agreement between plaintiff and defendants. The express covenants upon which recovery is sought

■

were not alleged but were supplied by plaintiff's introducing into evidence, without objection, the written lease contract. The express covenants provided: "Lessee shall pay water rent for the said premises and all bills for gas, electricity, fuel, light, heat, or power for premises or used by lessee in connection therewith. If lessee does not pay the same, lessor may pay the same and such payments shall be added to the rental of premises . . . At termination of this lease, lessee shall surrender premises and keys thereof to lessor in same condition as at commencement of term, natural wear and tear only excepted."

"As a general rule, where an action is brought after expiration of a term for breach of a lessee's covenant to keep the premises in repair or to surrender them in good repair or in the same condition as when leased, the measure of damages is the reasonable cost of putting the demised premises into the required state of repair or the condition contemplated by the covenant." 80 ALR 2d 983, 1001.

In cases of this nature, "The burden is on the landlord to show that the lease is terminated, to show the condition of the premises at the commencement and at the termination of the term, and to show the cost of restoring the property." 51 CJS 1163, Landlord and Tenant, § 416. See 45 ALR 9-84; 10 ALR2d 1006-1028; 20 ALR2d 1320-1359.

In order to establish a breach of such an agreement, it is essential that the plaintiff prove with a reasonable degree of certainty and specificity the condition of the premises, or the portions of them in question, both at the inception and at the termination of the tenancy, or that he show specific acts of waste or damage the results of which at the end of the term had not been repaired. Moreover, he must establish the reasonable cost of restoration in relation to the specific injuries shown. With respect to the latter requisite, it will not suffice merely to prove the cost of a complete reconstruction of the premises or portions of them, unless it is proved that actions of the tenant resulted in such gross and extensive injuries as to require complete reconstruction. Poesy v. Closson, 84 Ida. 549 (374 P2d 710). The only evidence of the cost of restoration of the building was in the form of an estimate by a building contractor

of the cost of putting the building "in first-class condition." Since the evidence fails to show that the injuries inflicted by defendants necessitated the complete renovation of the building, no verdict for plaintiff can be based upon the total sum estimated by the contractor.

Despite the fact the contractor's estimate is separated into figures reflecting the cost of material and labor in repairing specific items and despite indulging in an assumption that some of those items were properly proved, a simple addition of those properly proved figures together with the amount of $602.21 for breach of the covenant to pay utility bills results in a sum far short of the verdict and judgment of $8,600.

The evidence showed that plaintiff spent the amount of $2,359.71 for cleaning the premises after defendants moved, but there was no evidence to the effect that the property was in a clean condition at the beginning of the term. In this respect the proof failed.

C. Z. Borochoff, president of the plaintiff corporation, testified that the premises were in "fair" condition at the beginning of the term. Another witness testified that "There was nothing wrong with the building . . . before Spacemaker moved into the premises . . . The building was in good condition." Vague, indefinite testimony like this is insufficient to meet the burden of proving the condition of the premises at the beginning of the term.

A new trial must be granted on the general grounds because the verdict was not warranted by the evidence.

■ Other contentions of counsel as argued in their briefs are not properly before the court and will not be considered. Not having been properly appealed, those matters have now become the law of the case. The assignment of error on the judgment overruling the demurrers of the plaintiff in error was abandoned.

*Judgment reversed on the general grounds of the motion for new trial. Frankum and Hall, JJ., concur.*