## 47105. THOMAS v. CAMPBELL.

QUILLIAN, Judge. In an action on two notes, the defendant appeals from the judgment and from the direction of a verdict against the defendant on his counterclaims.

The parties here were landlord and tenant. The landlord procured one note during the tenancy to cover damage to the property beyond normal wear and tear. The other note was procured after the tenant had moved out. It was for five months unpaid back rent in the amount of $550, of which the tenant had paid $280 or $300 in weekly instalments.

The tenant set up several defenses to the action on the note. He also filed four counterclaims for diminished value of the premises because of the landlord's failure to repair certain defects, i.e., a leaking roof, a disconnected bathroom lavatory, an unusable shower and a chronically leaking pipe in the kitchen sink. The pleadings alleged a dollar value for the diminution. However, while there was testimony concerning the existence of the alleged

defects, there was no evidence presented on the dollar amount of damages in any of the counterclaims.

1. The evidence supports the verdict. The landlord's burden of proof is only that for establishing a note. The case of *Spacemaker, Inc. v. Borochoff Properties,* 112 Ga. App. 512 (145 SE2d 740) is not applicable. That was an action against a tenant for breach of the agreement to surrender the premises in good repair.

2. The court did not err in refusing to charge the jury on fraud or "offer and acceptance." The evidence did not authorize charges on these theories.

3. The counterclaims alleged that the failure of the landlord to make certain repairs to the property diminished the rental value thereof. Each of the counterclaims alleges the specific dollar amount that the rental value of the property was reduced. However, upon the trial of the case no evidence was offered as to the amount the failure to make repairs had diminished the value of the house to the tenant. This could have been proved by an expert or by the tenant giving his opinion and the facts upon which such an opinion was based.

" 'Where a party sues for specific damages he has the burden of showing the amount of loss claimed in such a way that the jury may calculate the amount of the loss from the data furnished and will not be placed in a position where an allowance of the loss is based on guesswork. *National Refrigerator &c. Co. v. Parmalee,* 9 Ga. App. 725 (72 SE 191).' *Studebaker Corp. v. Nail,* 82 Ga. App. 779, 785 (62 SE2d 198); *Davis v. Price,* 72 Ga. App. 565 (34 SE2d 565)." *Williams & Templeton v. Brewer,* 93 Ga. App. 603 (1) (92 SE2d 586). *Jones v. Royster Guano Co.,* 6 Ga. App. 506, 516 (65 SE 361), and *Towaliga Falls Power Co. v. Sims,* 6 Ga. App. 749, 762 (65 SE 844), cited by the defendant in support of his counterclaims, are clearly not applicable since they are nuisance cases. No evidence having been offered to support the allegations of the counterclaims, the direction of a verdict on the counterclaims was proper.

*Judgment affirmed. Bell, C. J., Eberhardt, P. J., Pannell, Deen, Evans and Clark, JJ., concur. Hall, P. J., and Stolz, J., dissent.*

ARGUED APRIL 10, 1972—DECIDED JUNE 12, 1972— REHEARING DENIED JULY 14, 1972—

*Kenneth G. Levin,* for appellant.

*Fred W. Minter,* for appellee.

HALL, Presiding Judge, dissenting. The chief issue on this appeal is whether it was necessary to have dollar value evidence on the issue of diminution in order to submit the counterclaims to the jury. The tenant contends that this is an appropriate type of situation for an estimate by the jury based on its own experience and enlightened conscience; and that the submission of an opinion estimate by the tenant would be largely a futile gesture as the jury might completely disregard it.

As might be expected, there is a dearth of authority on this question. Ordinarily, when one alleges dollar value damages, one offers some evidence, no matter how arbitrary. Common sense tells us, however, that in matters of ordinary experience such as the value of residential housing, a jury will make its own evaluation. A close analysis of the measure of damages in this type of case reveals that while we may state it as diminished rental value, we are really talking about the discomfort and inconvenience of living without certain important facilities and with certain major defects. This is not amenable to expert opinion evidence in the way the difference between a two and a three bedroom house would be. A reputable realtor would most likely disclaim any familiarity with rental values of properties with the defects alleged here. The only evidence available would be the tenant's estimate of what his misery was worth to him.

This is closely analagous to the ephemeral injuries to property rights caused by such things as foul odors and noise. In the only case discovered closely on point (stagnant

water) this court held: "Since the damages incurred by the plaintiff, under his pleadings and testimony, consisted of an injury *to the value of a tenancy at will,* to. his person through sickness, and to his purse through loss of services of his wife and minor children, it was not necessary that he should submit figures in dollars and cents, so as to show his loss with arithmetical accuracy. As to such matters the enlightened conscience of the jury is the guide. The court properly instructed the jury, in substance, that the plaintiff was entitled to recover for the actual damages inflicted by the injury, and that they should estimate the amount by their enlightened consciences from the facts submitted." *Towaliga Falls Power Co. v. Sims,* 6 Ga. App. 749, 762 (65 SE 844).

The "enlightened conscience" test was first applied to an injury to property in that same year. The plaintiff had sued for damages resulting from the maintenance of a nuisance—a fertilizer factory which gave forth foul odors and gases. It was contended that the jury would have no measure by which it could ascertain damages. This court stated that "while it may be difficult at times to arrive at proper criteria. for the mathematical ascertainment of the exact amount of damages, this difficulty affords no reason for denying the efficienct existence of the rule of law . . . The rule announced in [*Code* § 105-2003] that in some torts the amount of damages is left to 'the enlightened conscience of impartial jurors,' while there confined probably to torts growing out of wrongs different from that complained of in the case at bar, is nevertheless sound in principle, and in reason is just as applicable to the maintenance of a nuisance of the kind here complained of . . . The jury should not guess, nor arbitrarily fix the damages, but should estimate reasonably." *Jones v. Royster Guano Co.,* 6 Ga. App. 506, 516 (65 SE 361). See also Baltimore & Potomac R. Co. v. Fifth Baptist Church, 108 U. S. 317 (2 SC 719, 27 LE 739).

The counterclaims here are based on breach of the landlord's statutory duty to repair (*Code* § 61-111) which gives

the tenant a cause of action for damages. *Lewis & Co. v. Chisholm*, 68 Ga. 40. While *Towaliga Falls* and *Royster Guano* were both nuisance cases, the measure of damages is the same (diminution in value) and the type of damages are so similar that requirements of proof ought to be governed by the same rule.

The majority of this court chooses not to follow Judge Powell's opinion in *Towaliga Falls* and Judge Russell's opinion in *Royster Guano.* Both of these opinions reflect a realistic rather than a mechanical or legalistic approach to the problem.

I am authorized to state that Judge Stolz concurs in this dissent.