48140. REFRIGERATED TRANSPORT COMPANY, INC. v. HELLER COMPANY.

EVANS, Judge. The Heller Company, a common carrier, sued Refrigerated Transport Company, Inc., another common carrier, praying a recovery of $2,094.10, and attached to its complaint three invoices for transporting goods for the defendant. Defendant answered, denied owing the plaintiff, and filed a counterclaim against plaintiff for $2,100, alleging that a shipment of frozen food, transported by plaintiff from Atlanta to New York, had been damaged to that extent.

Plaintiff was awarded a partial summary judgment on its original complaint, but subject to defendant's right to show plaintiff was indebted to it on defendant's counterclaim. The counterclaim came on for trial before the judge, without a jury. After evidence had been presented, the court denied defendant's counterclaim,

and rendered final judgment for plaintiff as to the amount awarded under the partial summary judgment. Defendant appeals.

The trial court's finding of fact was to the effect that no legal evidence was offered as to the value of the frozen food when it reached its destination, nor as to what condition the food was in at time of its delivery. No inspection was made when the frozen food reached its destination; but after the food was returned to Atlanta, an examination was made and the food was destroyed, ostensibly because it was unfit for human consumption.

During the hearing the trial court admitted in evidence the bill of lading which accompanied the frozen food, which contained the following language: *"Keep frozen—5 degrees"* and on the back of same there were certain unexplained writings and markings in pen or pencil, as follows: "Received subject to approval of Eggo 9-17-70 469 pieces + 35 to + 46 temperature *9-17-70* Date *Doty* Checker *Robert Walls* driver." Absolutely no explanation of the meaning of these writings and markings was offered in evidence; the testimony of "Doty, Checker" was not offered; nor was the testimony of "Robert Walls—driver" offered; and no evidence was offered by which the condition or value of the frozen food at destination might be determined. The defendant had the burden of proof as to his counterclaim, which included the burden of explaining the meaning of the language written on the back of the bill of lading. Perhaps some witness could have explained that the symbols and figures on the back of the bill of lading as to temperature, meant that the frozen food was not kept a minus five degrees, but was kept at plus 35 to plus 46 degrees and thus caused spoilage. But no witness was offered to make such explanation, and neither the trial court nor this court can supply the witness or guess at the meaning.

The defendant complains because certain documentary evidence offered by it was not admitted in evidence, but none of same tended in any manner to supply the deficiency pointed out above, to wit: the condition of the frozen food and its value at the time and place of delivery. The defendant having failed to carry the burden of proving his counterclaim as imposed upon it by law (Code § 38-103; *Whitley Const. Co. v. O'Dell,* 94 Ga. App. 426, 429 (94 SE2d 784)), it was not entitled to judgment in its favor; and the trial court properly granted judgment in favor of the plaintiff. That judgment is affirmed.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

ARGUED MAY 7, 1973 — DECIDED JUNE 14, 1973 — REHEARING
DENIED JUNE 29, 1973.

*Daniel C. B. Levy,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, Charles C. Pritchard, Charles E. Lamkin, A. A. Baumstark,* for appellee.