### 53013. TENDRIFT REALTY COMPANY v. HAYES.

QUILLIAN, Presiding Judge.

The plaintiff filed an affidavit of foreclosure asserting a mechanic's lien on two motor vehicles (trucks). After the defendant submitted itself to the jurisdiction of the court, the plaintiff by amendment sought recovery of $2,515.81 for work performed and materials and supplies furnished on the two vehicles for which it was alleged payment was not made.

The defendant's answer denied the material allegations of the complaint and by amendment sought damages in the amount of $1,500 against the plaintiff asserting that one of the trucks incurred a frozen engine due to the lack of proper care and diligence on plaintiff's part in keeping the vehicle safely.

The case came on for trial before a jury during which a verdict was directed against the defendant's counterclaim. The jury returned a verdict for the plaintiff.

This appeal was taken from the judgment in the plaintiff's favor for $2,515.81 which also imposed a special lien. The defendant enumerates as error the direction of a verdict for the plaintiff on defendant's counterclaim and the failure to give certain requests to charge. *Held:*

1. There was evidence tending to show that the engine block of one of the vehicles was damaged by freezing. Nevertheless, there was no evidence as to the amount or value thereof.

Where a party makes a claim for a monetary sum, though it be by counterclaim, it is incumbent upon him to present evidence showing the amount of loss in a manner in which the jury can calculate the amount of the loss with a reasonable degree of certainty. An allowance for damages cannot be based on guesswork. *Big Builder, Inc. v. Evans,* 126 Ga. App. 457, 458 (2) (191 SE2d 290); *Andrews v. Commercial Credit Corp.,* 129 Ga. App. 294 (2) (199 SE2d 383). Accord, *Studebaker Corp. v. Nail,* 82 Ga. App. 779, 785 (62 SE2d 198); *Williams & Templeton v. Brewer,* 93 Ga. App. 603 (1) (92 SE2d 586); *Thomas v.*

*Campbell,* 126 Ga. App. 675 (3) (191 SE2d 619).

The trial judge did not err in directing a verdict against the defendant's counterclaim.

2. In view of the ruling made in the first headnote, the failure to give requested charges with regard to the plaintiff's duty of care as a purported bailee, if error, was harmless. *Coffee v. Worsham & Weaver,* 31 Ga. App. 62 (3) (119 SE 665). See *Welfare Finance Co. v. Corbin,* 91 Ga. App. 485 (2) (85 SE2d 819); *Tolnas v. Pope,* 212 Ga. 50 (3) (90 SE2d 420).

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

ARGUED NOVEMBER 3, 1976 — DECIDED JANUARY 6, 1977.

*Michael O. Haugerud,* for appellant.
*John F. Davis, Jr., Harold B. Thompson,* for appellee.