## 53727. LINGO v. KIRBY.

SHULMAN, Judge.

The parties in this case entered into a contract for the sale and installation of a fence. Appellant contends that he wanted the fence to enclose pasture lands for cattle and claimed that appellee's agent represented that the fence would serve that purpose. Appellant filed suit against appellee alleging breach of warranty and faulty construction of the fence, thus causing him to lose the value of the purchase price and 13 head of cattle, for which he alleged a value of $3,000. The trial court directed a verdict in favor of appellee and judgment was entered accordingly. This appeal is from that judgment.

The Code of Georgia at § 81A-150 (a) provides, "If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." The appellant contends that there was evidence supporting his allegations.

Motions for directed verdict should be granted reluctantly by the trial courts and upon appeal should be scrutinized with great care by the reviewing court. However, in the case at bar, we agree with the trial judge who stated: "I don't think there is enough for the jury to hang their hat on in this case." There is clearly no evidence from which a jury would have been able to determine the measure of damages for the fence, nor did appellant offer any specific evidence as to the cost of the cows. Any testimony on this score was clearly guesswork and estimation, entirely unsupported by real evidence. "Where a party makes a claim for a monetary sum . . . it is incumbent upon him to present evidence showing the amount of loss in a manner in which the jury can calculate the amount of the loss, with a reasonable degree of certainty. An allowance for damages cannot be based on guesswork. *Big Builder,*

*Inc. v. Evans,* 126 Ga. App. 457, 458 (2) (191 SE2d 290); *Andrews v. Commercial Credit Corp.,* 129 Ga. App. 294 (2) (199 SE2d 383). Accord, *Studebaker Corp. v. Nail,* 82 Ga. App. 779, 785 (62 SE2d 198); *Williams & Templeton v. Brewer,* 93 Ga. App. 603 (1) (92 SE2d 586); *Thomas v. Campbell,* 126 Ga. App. 675 (3) (191 SE2d 619). The trial judge did not err in directing a verdict against the defendant's counterclaim." *Tendrift Realty Co. v. Hayes,* 140 Ga. App. 896, 897 (232 SE2d 169).

The evidence offered by the appellant with reference to the alleged breach of warranty was in itself self-destructive in that his own witness testified that his fence company would not warrant the fence or any link fence for the purpose of holding cows.

Even if the evidence was conflicting, which fact we do not concede, this case would be governed by this court's decision in *Carr v. Jacuzzi Bros., Inc.,* 133 Ga. App. 70, 74 (210 SE2d 16): "Plaintiff simply failed to prove his case and the direction of a verdict was proper. Code Ann. § 81A-150. The mere existence of conflicts in the evidence does not render the direction of a verdict erroneous if it was demanded, either from proof or from lack of proof on the controlling issue or issues. *Stepp v. Stepp,* 195 Ga. 595 (2) (25 SE2d 6)."

The trial court properly directed a verdict in favor of appellee.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

Submitted April 11, 1977 — Decided May 12, 1977.

*Araguel & Sanders, Jerry D. Sanders, Charles C. Carter,* for appellant.

*Hirsch, Beil & Partin, Milton Hirsch,* for appellee.