## 54494. CAGLE v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY.

DEEN, Presiding Judge.

The appellant had a going business which consisted of the "repair and correction of fireplaces and chimneys." For the past five years the yearly business earnings had been approximately $13,000, $9,000, $14,000, $14,000 and $12,000 respectively, most of the clientele being drawn from a listing in the yellow pages of the defendant's classified advertising. In 1976 the listing was ordered and promised but for some reason omitted. Asked what the plaintiff did as a means of securing some income during the year the advertisement was left out, he replied that he ran an ad in the Northside News, knocked on doors, and passed out hand bills. Asked whether the amount of work he obtained from this source, if added to the amount he normally obtained as a result of advertising in the yellow pages, would have resulted in more work than he could do, he replied in the negative. Asked what savings resulted from failure to print the advertisement he replied $7 per month fee plus some $900 he would have spent on gasoline expenses. No other evidence was presented. The defendant moved for and obtained a directed verdict, from which the plaintiff appeals. *Held:*

The briefs of counsel have in general been confined to a discussion of whether the damages sought in this breach of contract litigation, that is, loss of profits during the year

1976, are such as were within the contemplation of the parties at the time the contract was entered into (Code § 20-1407), whether they are too speculative for recovery, and whether they are capable of exact computation (Code § 20-1406). As we view the testimony of the sole witness, however, this question is never reached. Nowhere is there the slightest evidence that the plaintiff lost any profits during the year in question, and this is the sole element of damage sought in the litigation. There is not even any testimony as to what profits were received during the year 1976. Further, the earnings of previous years, while admissible in evidence for purposes of comparison (Dyal v. Wimbish, 124 F2d 464) have nothing to be compared with, it not appearing what profits (or losses) accrued in 1976, the only year which might have been affected by the breach of contract. "The measure of damages in the case of a breach of contract is the amount which will compensate the injured person for the loss which a fulfillment of the contract would have prevented or the breach of it entailed. In other words, the person injured is, so far as it is possible to do so by a monetary award, to be placed in the position he would have been in had the contract been performed." *Crawford & Associates v. Groves-Keen, Inc.,* 127 Ga. App. 646, 650 (194 SE2d 499). Where the testimony offers no information on earnings or profits for the year for which damages are sought, there is nothing with which the profit and loss record of previous years may be compared. For all we know, the advertisement in the Northside News may have brought in more business, and resulted in greater profits, than the lost advertising in the yellow pages of the telephone directory. The business brought in might be the same business or different business. It might be more or less lucrative. Its amount is never stated. We have no facts upon which to speculate either that a loss occurred or if so what its extent might be; therefore, the mere breach without proof of monetary loss is injuria absque damno.

No recoverable damages having been proved, the trial court properly granted the defendant's motion for a directed verdict.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

Argued September 8, 1977 — Decided September 30, 1977 — Rehearing denied October 19, 1977.

*Ellenberg, Wildau & Stagg, Richard D. Ellenberg,* for appellant.

*Weekes, Candler, Sams & Weatherly, R. Phillip Shinall, III,* for appellee.