### 54931. THE HIP POCKET, INC. v. LEVI STRAUSS & COMPANY et al.

DEEN, Presiding Judge.

The Hip Pocket, Inc. (The Hip Pocket), brought an action against Levi Strauss & Company (Levi Strauss), alleging that The Hip Pocket had entered into a valid contract with Levi Strauss wherein it was agreed that defendant would sell its merchandise to The Hip Pocket in accordance with orders placed with defendant on a credit payment basis and that Levi Strauss breached its contract causing plaintiff to be damaged in the sum of $100,000. The Hip Pocket appeals from the trial court's order granting Levi Strauss' motion for summary judgment.

1. In his deposition and affidavit opposing summary judgment, plaintiff's president admits that there was no written contract between the parties, but contends that he entered into an oral agreement on April 3, 1974, with representative of Levi Strauss wherein plaintiff was to operate a "Levi's only" store and it was agreed that he had a limit of $40,000 to spend on its initial inventory order. He claims, however, that he was shipped $89,682.61 worth of goods which were not merchantable and that the mixture of goods was not distributed among the various Levi Strauss divisions as he requested. He claims that defendant placed his account on a "red alert" basis when he was unable to pay his account. As a result, Levi Strauss refused to ship him further merchandise and he claims that these actions by defendant resulted in the failure of his business. He admits, however, that he requested sales representatives of defendant to place his initial order because he had been out of the retail clothing business for two and one-half years, and that he did not complain to the company about the overshipments or refuse any merchandise for several months. Instead, he chose to accept the garments, price them, and place them for sale in the store. In support of his contention that he had

entered into a valid contract with defendant, plaintiff offers several letters and order confirmations as evidence.

"On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence. [Cits.]" *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429). Defendant raises the Statute of Frauds as a defense to plaintiff's claim that the parties entered into a valid contract. Code Ann. § 109A-2—201, however, requires only "some writing sufficient to indicate that a contract for sale has been made. " It is therefore a jury question as to whether the documents offered by plaintiff satisfy the codal requirements. Levi Strauss' defense that an accord and satisfaction has taken place as to any claim of the plaintiff is likewise a jury question. Defendant's claim of failure or lack of consideration for the alleged contract would also be a matter of fact for jury determination.

2. We cannot agree, however, with plaintiff's contention that it only needs to show one issue of material fact to get its case before the jury. Although the opposing party is given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, the moving party is entitled to a judgment as a matter of law only if there is no genuine issue as to any material fact. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). Nevertheless, Code Ann. § 81A-156 (e) requires that "When a motion for summary judgment is made . . ., an adverse party may not rest . . . [on] his pleading, but his response . . . *must* set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, *shall* be entered against him." (Emphasis supplied.) "It is thus seen that it is the duty of each party at the hearing on the motion for summary judgment to present his case in full. [Cits.]" *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173). There is nothing in the record to indicate the extent of plaintiff's alleged damages other

than the president's speculation that his business should have earned $150,000 during its first year of operation and one of defendant's employee's speculation that such a business might earn $250,000. In his deposition, plaintiff's president admits that the claim for damages is not ascertainable and at best is speculative. Loss of anticipated profits which is completely conjectural is not recoverable. Code Ann. § 20-1406; *Radlo of Ga. v. Little,* 129 Ga. App. 530 (199 SE2d 835). Where plaintiff's claim for damages is remote or speculative, summary judgment for the defendant is appropriate. *Trawick v. Trax, Inc.,* 136 Ga. App. 62 (220 SE2d 70).

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JANUARY 3, 1978 — DECIDED JANUARY 26, 1978 — REHEARING DENIED FEBRUARY 14, 1978 —

*Crowe & Manheim, Alan C. Manheim,* for appellant.
*Kidd, Pickens & Tate, Charles M. Kidd,* for appellees.