## 58232. SILCO, INC. v. GWINNETT COUNTY HOSPITAL AUTHORITY.

SHULMAN, Judge.

Plaintiff brought suit against the defendant for breach of contract, seeking as damages its lost profits.

Upon the close of plaintiff's evidence, the court granted defendant's motion for directed verdict. The court held that since damages had not been established with reasonable certainty, as required by law, the evidence demanded a verdict in favor of the defendant.

Pretermitting whether evidence of defendant's purported breach of contract was sufficient to withstand defendant's motion for directed verdict, since plaintiff failed to produce evidence from which a jury could determine the measure of damages, the court properly granted defendant's motion for directed verdict. See, e.g.,

*Lingo v. Kirby,* 142 Ga. App. 278 (236 SE2d 26).

The only evidence on the issue of damages was presented through the testimony of the vice president and regional manager of plaintiff-corporation. The witness testified that since his company (the defendant) did not maintain records of profitability by account (that is, since the defendant did not have records which showed the cost allocated to the particular contract in question, nor, concomitantly, the net profit derived from the account), estimates of lost profit were made by using percentages of the company's total revenue and total operating costs. The witness testified that the defendant's account was one of perhaps more than a thousand accounts held by the plaintiff, a multimillion dollar corporation. Further, he testified that from the manner in which the records were kept, it could not be determined that any particular account was or was not profitable. He admitted that the plaintiff's estimate of lost profits was an "educated guess" and not directly ascertainable from the company records.

Based on the above evidence, we must conclude that the jury was presented with "no facts upon which to speculate either that a loss occurred or if so what its extent might be; therefore, the mere breach without monetary proof is injuria absque damno." *Cagle v. Sou. Bell Tel. &c. Co.,* 143 Ga. App. 603. 604 (239 SE2d 182). See also *Hip Pocket, Inc. v. Levi Strauss & Co.,* 144 Ga. App. 792 (2) (242 SE2d 305); *Lingo v. Kirby,* supra. No recoverable damages having been proved, the trial court properly granted defendant's motion for a directed verdict.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

Argued July 3, 1979 — Decided October 5, 1979.

*G. Hughel Harrison,* for appellant.
*Larry Edmondson,* for appellee.