## 63281. DEJONG et al. v. STERN et al.

POPE, Judge.

Appellee Peter K. Stern brought this action alleging breach of contract against appellants Eagle Marine, Inc. of Savannah; Eagle Marine, Inc. of Jacksonville; Eagle Marine, Inc. of Miami; and Norman N. DeJong, individually and as president of the foregoing corporations.[1] Appellants answered the complaint, denying the basic allegations therein. Appellants also filed a counterclaim against Stern and a third-party complaint against Stern's other employer, Hydro-Air Engineering — both actions alleging breach of contract and negligence on the part of Stern individually and as agent for Hydro-Air. This case was tried before a jury and following the close of evidence, the trial court directed a verdict in favor of Stern and Hydro-Air as to appellants' counterclaim and third-party action. The jury returned a verdict in favor of Stern on his action against appellants. Appellants bring this appeal following the trial court's denial of their motion for new trial.

At issue in this case was an oral contract entered into by Stern and DeJong whereby Stern was to sell marine supplies on behalf of Eagle Marine—Savannah in Georgia and South Carolina. Also, DeJong agreed to place orders for certain equipment with Stern for processing through Hydro-Air; at all times relevant to this case, Stern was a salaried employee of Hydro-Air Engineering. Stern brought this action to recover commissions which he alleged were due him for sales made pursuant to the oral contract. Appellants counterclaimed for damages, alleging that Stern had failed to perform under the terms of the oral contract and also alleging that Stern and Hydro-Air were negligent in their handling of an order for various marine pumps placed by Eagle Marine—Jacksonville.

1. Appellants' first enumeration cites as error the trial court's

---

[1] E. Clark Leips was also named as a defendant in this action. However, a directed verdict was entered in his favor and since no appeal has been taken from that order, he is not a party to this appeal.

directing a verdict in favor of Stern and Hydro-Air on appellants' counterclaim and third-party action. As to these claims, appellants had the burden at trial of showing both the breach *and* the damage. See *Refrigerated Transport Co. v. Heller Co.,* 129 Ga. App. 332 (199 SE2d 590) (1973). Since the evidence of record discloses a conflict as to whether Stern breached the terms of, or was negligent as to, his oral contract, the issue raised by this enumeration is proof of damages.

The only evidence cited by appellants as showing actual damages resulting from Stern's breach of contract is a "consultation and management fee" of $4,600.00 paid by Eagle Marine—Savannah to Eagle Marine—Jacksonville for services which had been provided by Leips. DeJong testified that this payment was made "[b]ecause . . . it had . . . become apparent that Mr. Stern wasn't doing his job and somebody had to do it." Although Leips testified that he was a salaried employee of Eagle Marine — Jacksonville, he also testified that he was "in charge" of all the Eagle Marine corporations to the extent he was directed by DeJong. "Actual damages" are those which show an "actual and real loss or injury." Black's Law Dictionary 467 (4th ed. 1968). In our view, the foregoing transfer of funds between corporations controlled by the same individual was not evidence of "actual damages."

As to their negligence claim, appellants alleged lost profits from Stern's and Hydro-Air's inattention and delay in processing an order for certain marine pumps. The order was placed by Eagle Marine—Jacksonville for an important client with whom DeJong hoped to re-establish business relations. DeJong testified that Eagle Marine—Jacksonville had made gross sales to this client in an amount between $280,000.00 and $320,000.00 in 1975; of this amount "somewhere between $20,000.00 and $30,000.00" was profit. DeJong offered no testimony as to the anticipated profits which were lost as a result of the alleged negligence.

"Where a party makes a claim for a monetary sum, though it be by counterclaim, it is incumbent upon him to present evidence showing the amount of loss in a manner in which the jury can calculate the amount of the loss with a reasonable degree of certainty. An allowance for damages cannot be based on guesswork." *Tendrift Realty Co. v. Hayes,* 140 Ga. App. 896 (1) (232 SE2d 169) (1977); see *Radlo of Ga. v. Little,* 129 Ga. App. 530 (2) (199 SE2d 835) (1973). "Loss of anticipated profits which is completely conjectural is not recoverable." *Hip Pocket, Inc. v. Levi Strauss & Co.,* 144 Ga. App. 792, 794 (242 SE2d 305) (1978).

Based on appellants' failure to present any evidence of actual damages in this case, the trial court did not err in directing a verdict

against them as to their counterclaim and third-party action. *Bradley v. Godwin,* 152 Ga. App. 782 (2) (264 SE2d 262) (1979); *Silco, Inc. v. Gwinnett County Hosp. Auth.,* 151 Ga. App. 634 (260 SE2d 758) (1979); *Lingo v. Kirby,* 142 Ga. App. 278 (236 SE2d 26) (1977). Nevertheless, appellants further contend that they were at least entitled to have the jury determine the issue of nominal damages. This contention, however, has been decided adversely to appellants by our Supreme Court in *Foote & Davies Co. v. Malony,* 115 Ga. 985 (4) (42 SE 413) (1902): "When the plaintiff in an action [here Stern] makes out a prima facie case for the recovery of the amount sued for and the defendant [here appellants] merely shows, by evidence offered in support of a plea of recoupment, a breach of a stipulation in the contract by the plaintiff, without showing any actual damages in consequence thereof, there is no error in directing a verdict in favor of the former for such amount. Under such circumstances, the defendant is not entitled to have the case submitted to a jury, in order that the amount of the proved claim of the plaintiff may be reduced by such nominal damages as they might find in favor of the defendant."

2. Appellant's second, third and fourth enumerations cite as error the trial court's refusal to give certain numbered requests to charge. "Our review of the record fails to show the requested charges which were refused by the court. Thus, we cannot consider alleged errors by the court in refusing to charge as requested." *Rewis v. Browning,* 153 Ga. App. 352, 354 (265 SE2d 316) (1980); see also *Redwing Carriers, Inc. v. Knight,* 143 Ga. App. 668 (11) (239 SE2d 686) (1977).

3. Appellants' final enumeration cites as error the trial court's "submitting the question of liability" on the part of Eagle Marine — Jacksonville and Eagle Marine — Miami to the jury. They contend that there is no evidence that these two corporations ever had any dealings with Stern arising out of the subject contract. Although appellants make no citation to the record, we shall presume for the purpose of this appeal that the basis of this enumeration is the trial court's denial of appellants' motion for directed verdict made at the close of the evidence.

The evidence showed that DeJong was the sole or majority stockholder of all the Eagle Marine corporations. Moreover, the record is replete with evidence showing that DeJong operated these corporations interchangeably as if they were one. Therefore, the evidence did not demand a verdict in favor of any one, individual corporate appellant. See *Bone Const. Co. v. Lewis,* 148 Ga. App. 61 (4) (250 SE2d 851) (1978).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 10, 1982.

*Roland B. Williams,* for appellants.
*Ralph R. Lorberbaum, John B. Miller, Lamar W. Davis, Jr.,* for appellees.