A96A1170. RICHFIELD CAPITAL CORPORATION et al.
v. FEDERAL SIGN DIVISION OF FEDERAL SIGNAL
CORPORATION.
(476 SE2d 26)

Judge Harold R. Banke.

Federal Sign Division of Federal Signal Corporation ("Federal Sign") sued Richfield Capital Corporation ("Richfield") and Richard Lester, the personal guarantor, for breach of an equipment lease. Richfield appeals the judgment on damages entered in favor of Federal Sign.

After making a down payment and three installments, Richfield stopped making payments on the lease and maintenance agreement entered into with Federal Sign for an electronic sign because the motel for which the sign was being used ceased operation. At that point, the lease had 57 remaining monthly payments at $1,507 per month. Federal Sign unsuccessfully demanded the balance due and then filed suit for breach of contract seeking past due rents and liquidated damages for unpaid future rents.

After Federal Sign moved for summary judgment, Richfield and Lester consented to judgment on the default on the lease and the personal guaranty but disputed the amount of damages sought by Federal Sign contending that the liquidated damages provision of the lease was unenforceable. The trial court granted partial summary judgment determining that: 1) Richfield had breached the lease; 2) the liquidated damages provision of the lease constituted an unenforceable penalty; and 3) Federal Sign was entitled to recover "actual damages suffered."[1] The court deemed unenforceable the lease's liquidated damages provision requiring that in the event of default, Richfield was obligated to pay 75 percent of the remaining rentals due under the entire lease. After partial summary judgment, Federal Sign requested the court enter judgment for approximately $28,000, plus interest, attorney fees and costs.

Three months later, a different judge conducted a bench trial solely on damages. Believing that the liquidated damages issue had

---

[1] The trial court's order stated it denied Federal Sign's motion for summary judgment, but the order effectively granted it in part and denied it in part.

been determined in his favor, Lester appeared at trial without counsel, contending that the $28,000 in alleged damages should be reduced by the $7,523 setoff for the sale price of the sign. However, at trial, Federal Sign claimed that it was entitled to all rent due through December 1, 1994, a few days before trial, a total of $60,000 plus attorney fees and costs. In so doing, Federal Sign effectively argued that a portion of the damages which it had previously sought as liquidated damages could be reclassified as past due rent. In sum, Federal Sign contended that although an amount of 75 percent of the unpaid monthly rentals on the contract constituted an unenforceable penalty, an award of 100 percent of the unpaid rentals through the date of trial was not a penalty but merely actual damages.

The trial court accepted Federal Sign's damages argument and awarded $58,287 after deducting $7,500 as a setoff, and included $4,000 in attorney fees. The judgment included more than $30,000 which Federal Sign had previously designated as "liquidated damages." *Held*:

1. Richfield contends the trial court erred in entering a subsequent order and judgment which was inconsistent with a prior summary judgment order. We agree. The partial summary judgment order determined as a matter of law that the liquidated damages provision of the lease was void and unenforceable as an unlawful penalty. It narrowed Federal Sign's recovery to "actual damages suffered." *Liberty Life Ins. Co. v. Thomas B. Hartley Constr. Co.*, 258 Ga. 808, 809 (375 SE2d 222) (1989). No appeal was taken from that judgment, and the trial court was not asked to reconsider its judgment. OCGA § 9-11-56 (d).

By ignoring the substance of the partial summary judgment order and permitting the damages issue to be litigated beyond actual damages, the trial court erred in allowing Federal Sign to expand the damages issue. Federal Sign provided no notice to Richfield or Lester that it intended to relitigate the damages issue. This was plainly error.

The trial court also erred as a matter of law for several other reasons. Lacking a valid and enforceable acceleration clause in the lease, Federal Sign could not recover for installments falling due after the filing of the action. OCGA § 13-6-14; *Whitley Constr. Co. v. Whitley*, 134 Ga. App. 245, 246 (213 SE2d 909) (1975); *Martin v. McLain*, 51 Ga. App. 336, 339 (3) (180 SE 510) (1935). See *Ragan v. Smith*, 188 Ga. App. 770, 773 (3) (374 SE2d 559) (1988) (physical precedent only, Court of Appeals Rule 33 (a)). Also, the record fails to show that after the commencement of its action that Federal Sign amended the original complaint under OCGA § 9-11-15 (a), supplemented the pleadings under OCGA § 9-11-15 (d), or tried additional issues with the express or implied consent of Richfield and Lester in accordance with

OCGA § 9-11-15 (b). See Wilburn, Ga. Law of Damages (4th ed.), § 7-2. Thus, Federal Sign was precluded from recovering unpaid rents accruing after it filed suit.

Moreover, Federal Sign failed to carry its burden to furnish sufficient information to the trial court to enable the calculation of the amount of damages with reasonable certainty. *Lingo v. Kirby*, 142 Ga. App. 278 (236 SE2d 26) (1977). Federal Sign failed to offer any evidence of actual damages, instead arguing that it was entitled to enforce the contract and receive rental payments continuing to accrue up to the day of trial. No evidence was offered to show the amount of expenses Federal Sign would have incurred in maintaining the sign and in executing its obligations under the lease, amounts which would have been deductible. *Hosp. Auth. of Charlton County v. Bryant*, 157 Ga. App. 330, 331 (2) (277 SE2d 322) (1981). Nor did Federal Sign present any evidence that the recovery sought bore a reasonable relationship to actual damages, particularly in light of the occurrence of the default so early in the term of the lease. See *Taylor v. Commercial Credit Equip. Corp.*, 170 Ga. App. 322, 323 (316 SE2d 788) (1984). An allowance for damages cannot be based on guesswork. *Lingo*, 142 Ga. App. at 279. Because the judgment was not authorized by evidence which established the "actual damages suffered," we reverse and remand for determination of damages in compliance with the partial summary judgment order.

2. In light of the holding in Division 1, the denial of Richfield's motion for new trial is rendered moot.

*Judgment reversed and remanded. Pope, P. J., and Andrews, J., concur.*

DECIDED AUGUST 29, 1996 —
RECONSIDERATION DENIED SEPTEMBER 16, 1996 — 

*Christopher J. McFadden*, for appellants.
*Robert S. Windholz, Douglas F. Kaleita*, for appellee.